THE MINNEAPOLIS HARVESTER WORKS CO. V. S. D. CUMMINGS.

| 26 | 367 |
| 42 | 348 |

| 26 | 367 |
| 82 | 4u9 |

1. GENERAL DAMAGES, *When no Recovery of.* A defendant, engaged in the business of selling reaping and mowing machines, alleged as a set-off in his answer, that by the misrepresentations of the Minneapolis Harvester Works company, as to the character and quality of its machines, which he was then selling, he was damaged in the sum of $1,000. Upon the trial, the jury returned special findings that such defendant did not suffer special damages on account of such misrepresentations, but that the defendant suffered general damages to his business; but were unable to give any items, or the elements of such damages. *Held,* That the defendant was not entitled to recover for that character of damages, because they are so uncertain and remote as to afford no legal basis of recovery.

2. SPECIAL FINDINGS, *Conflicting; Verdict Set Aside.* Where the findings of fact returned by the jury show that the general verdict is based upon damages so remote and uncertain in character as to afford no basis of recovery, and the special findings are so much in conflict with each other, and so defective and uncertain, as to afford no basis for the entry of a judgment thereon, the verdict cannot stand, and a new trial must be granted.

*Error from Smith District Court.*

ACTION brought by the *Minneapolis Harvester Works Co.* against *Cummings,* to recover for certain notes placed in the hands of defendant for collection. Trial at the October Term, 1880, of the district court, and judgment for the defendant. The plaintiff brings the case here. The opinion states the facts.

*Jas. D. Snoddy,* for plaintiff in error.

*Burr & White,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff in error sought to recover from defendant in error, judgment for $211.66 for notes placed in the hands of the defendant for collection. The defendant, in answer, pleaded a set-off of several items as follows:

"Cash paid for freight upon two machines, $30; commis-

sion on two machines returned on account of defects, $74; cash paid for livery hire, $38.70; damages on account of the sale of machines by other parties in the territory of defendant, with the knowledge and consent of plaintiff, $370; damages to defendant's business, $1,000."

The case was tried to the court with a jury, and the following special findings of fact were returned by the jury:

Q. 1. Was the defendant the agent of the plaintiff for the purpose of selling plaintiff's machinery?

A. 1. Yes.

Q. 2. Was the defendant to receive from plaintiff a commission on the goods sold as pay for his services?

A. 2. Yes.

Q. 3. Did plaintiff ever part with the title to any of its machinery, to the defendant?

A. 3. No.

Q. 4. How many of plaintiff's machines did defendant sell in the year of 1879, and how much did he receive for the same in notes, and how much in cash?

A. Fourteen machines; second, don't know.

Q. 5. Did defendant remit to plaintiff all notes received by him from sales of plaintiff's machinery?

A. Yes.

Q. 6. Did the plaintiff send to defendant certain notes for collection, and collection only amounting in the aggregate to the amount claimed in the petition?

A. Yes—$211.66.

Q. 7. Did the defendant collect said notes and pay the same to the plaintiff?

A. No.

Q. 8. Did the plaintiff, prior to this suit, demand of the defendant said notes, or the proceeds thereof?

A. Yes.

Q. 9. If yes to the above question, did the defendant refuse to pay the same to the plaintiff?

A. Refused to pay until damages were paid him.

Q. 10. Was there a settlement between the parties on October 17, 1879, for the sale of Dewey harvesters for said year?

A. Yes.

Q. 11. Was the settlement a full and complete settlement at that time?

A. A partial settlement.

Q. 12. If no, then what other item was claimed, if any, at that time, and not settled for?

A. Livery hire, freights, commissions on two machines, and damages on general business.

Q. 13. Was there any trespass on the territory of the defendant, in the sale of the Dewey harvesters in 1879, at the direction of plaintiff?

A. No evidence to that effect.

Q. 14. How many Dewey harvesters, if any, were sold in Smith county in 1879, by other parties, and if any, to whom were they sold?

A. No evidence of any.

Q. 15. Under the contract, was the defendant required to set up said harvesters when delivered to parties sold?

A. Yes.

Q. 16. If yes, did the defendant comply with his part of the contract?

A. Yes.

Q. 17. Did the defendant suffer any general damages from the misrepresentations of the plaintiff?

A. Yes.

Q. 18. If yes, what were the different items and elements of damage?

A. Damaged him in his business.

Q. 19. Did the defendant suffer any special damages on account of misrepresentations by plaintiff? If so, give the items and elements of damages.

A. No special damages.

Q. 20. Just prior to the beginning of this suit, did the defendant state to the plaintiff, that in the event of the plaintiff not letting the defendant have this agency for the selling of the Dewey harvesters, for 1880, that he, the defendant, would claim damages?

A. Yes, if plaintiff would make improvements on harvesters according to promise.

Q. 21. Is Cummings entitled to recover for any livery bill?
A. Yes."

The jury also returned a general verdict for defendant, of $34.65. The plaintiff brings the case here.

Several preliminary objections are taken to the sufficiency of the record by the defendant, but none of these objections is well sustained. It is sufficient to say upon these points, that the verdict of a jury is a part of the record in the case,

24—26 KAS.

and need not be embodied in a bill of exceptions. Again, if the special findings returned by the jury are in conflict with the general verdict, a motion to enter judgment upon special findings, the general verdict to the contrary notwithstanding, calls the attention of the court sufficiently to that matter, without embodying this motion a second time in the request for a new trial. Sec. 287 of the code prescribes that when the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly. As the counsel for plaintiff contends that the special findings of fact are inconsistent with the general verdict, we enter upon that examination. These findings show that the plaintiff sent to the defendant, notes for collection amounting in the aggregate to $211.66; that the defendant never returned them, nor any part of the proceeds thereof, to the plaintiff; that prior to the commencement of this action, the plaintiff demanded the notes, or their proceeds, and the defendant refused to pay anything to plaintiff, until his damages were satisfied. These findings show a liability against defendant, unless avoided by the set-off. As the jury returned that there was no evidence of the sale of any machines in defendant's territory, the commission charged therefor of $74, was disallowed. The findings show that defendant is entitled to the recovery of the livery bill, which was claimed in the set-off as $38.70. We may presume upon the whole record that the jury intended also to allow defendant for freight paid by him, amounting to $30. The total of these sums for which the defendant was entitled to recover, outside of the damages to which we hereafter refer, was $68.70. The amount of this set-off would leave a sum due plaintiff, but for the finding that the defendant suffered general damages in his business from the misrepresentations of the plaintiff. As the jury, however, further found that the defendant did not suffer any special damages on account of the misrepresentations of the plaintiff, no recovery can be permitted for such alleged general damages. Such damages are nothing more than mere consequential damages, and are so remote that they furnish

no basis at all for recovery. It is the general rule that the damage to be recovered must always be the natural and proximate consequence of the act complained of. Now, if the defendant did not suffer any special damages on account of the misrepresentations by the plaintiff, so that the jury could give the items and elements thereof, it can hardly be said that the defendant is entitled to general damages from such misrepresentations to his business, because they are so uncertain that the claim therefor has no legal or necessary connection with the stipulation of the parties, and are too remote and uncertain to be taken into account in ascertaining any true measure of damages. As it is evident that the jury included in their verdict a recovery for general damages to business, the verdict and judgment based thereon cannot stand. But we are unable to enter judgment upon the special findings, because they are conflicting, inconsistent, uncertain, and not complete; and therefore the judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.