THE ELLSWORTH, McPHERSON, NEWTON & SOUTHEASTERN RAILWAY COMPANY v. W. S. MAXWELL.

1. EMINENT DOMAIN—*Procedure*—*Filing Petition.* The case of *St. J. & D. C. Rld. Co. v. Orr*, 8 Kas. 419, followed.

2. ———— *Verdict*—*Special Findings*—*Inconsistencies.* The case of *Harvester Works Co. v. Cummings*, 26 Kas. 367, followed.

3. ———— *Speculative Damages.* The case of *A. & D. Rly. Co. v. Lyon*, 24 Kas. 745, followed.

*Error from Harvey District Court.*

THE opinion states the case. Judgment for the plaintiff *Maxwell*, at the June term, 1886, of the district court. The defendant *Railway Company* brings the case here.

*J. H. Richards*, and *Ady & Henry*, for plaintiff in error.

*Brown & Cline*, for defendant in error.

*Per Curiam:* On the 21st day of May, 1885, W. S. Maxwell appealed from the decision of the commissioners appointed to condemn a right-of-way for the Ellsworth, McPherson, Newton & Southeastern Railway Company, through Harvey county. Maxwell owned about fifteen acres of land adjacent to the city of Newton, through which the route of the railway company's railroad was laid out. The commissioners assessed Maxwell's damages at the total sum of $570. The cause on appeal was tried at the June term, 1886, before the court with a jury. The jury found for Maxwell, and assessed his damages at $1,533, for which judgment was rendered. The jury also made special findings of fact.

Upon the trial, the railway company objected to the introduction of any evidence, upon the ground that there was nothing in the record presenting any issue upon which a trial could be had. This objection was properly overruled. It would have been better practice for Maxwell to have filed a petition, but as no motion was made to compel him to do so, the omission could not be raised on an objection to the evidence. (*St. J. & D. C. Rld. Co. v. Orr*, 8 Kas. 419.)

It is also urged that the special findings of fact of the jury repeat the same elements of damages several times; and therefore that the findings are in conflict, and do not harmonize. If this is so, the judgment ought not to stand, and a new trial should be granted. The objections to the findings seem to be well taken. (*Harvester Works Co. v. Cummings*, 26 Kas. 367; *Shoemaker v. St. L. & S. F. Rld. Co.*, 30 id. 359; *A. T. & S. F. Rld. Co. v. Maher*, 23 id. 163.) The general verdict was made up as follows:

No. 1. Land taken.:.... ..................................... $525
No. 2. For injury to remaining portion of premises............ 50
No. 3. For injury to the amount of the remaining portion of the land ............................................. 100
No. 4. For injury to the high lands, known as the five acres.... 50
No. 5. For injury to the high lands on the south side of plaintiff's tract..................................... 25
No. 6. For injury to improvements............................ 25
No. 7. For injury to appearance of property.................. 100
No. 8. For injury on account of the inability of the plaintiff to open streets and alleys through the land.............. 550

Total ...................................... $1,425

This, with interest, amounted to the verdict of $1,533. Counsel for Maxwell argue that the jury intended to use the word "premises" to mean only "buildings and their adjuncts." But, clearly, "the remaining portion of the land," for which damages to the amount of $100 were allowed, included everything not embraced in "land taken;" and therefore these two findings, as well as some others, include the same damages.

Again, the finding of $550 for the inability of the plaintiff to open streets and alleys looks like contingent or speculative damages. Maxwell was entitled to recover the difference between the value of his premises immediately prior to and immediately following the location of the right-of-way. The damages ought to have been assessed by the jury as of the date of the condemnation, or the filing of the report thereof. Mere future or prospective contingencies cannot be regarded.

The motion for judgment against the railway company for $575 and no more cannot be sustained, as the general verdict was for a greater amount, and the special findings are conflicting. Of course, if all parties consent, judgment may be entered for that amount.

The judgment of the district court will be reversed, and the cause remanded for a new trial.