No. 28,311.

THE STATE OF KANSAS, *Appellee*, v. AMELIA NELSON, FRED NELSON,
W. F. REHBERG, et al., *Appellants*.

(266 Pac. 107.)

Opinion filed
April 20, 1928.

*A. R. Buzick, Jr.,* of Salina, for the appellants.

*William A. Smith,* attorney-general, *Walter T. Griffin,* assistant attorney-general, *John E. Martin,* special assistant attorney-general, *F. D. Boyce, Lee Jackson* and *L. A. McNalley,* all of Minneapolis, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from the verdict of a jury and judgment fixing the value of real property taken under condemnation proceedings by the state for the forestry, fish and game commission.

Our legislature (by ch. 221, Laws 1927) declared it to be the policy of this state to protect and propagate fish, bird life (other than predatory and destructive birds), game and fur-bearing animals of the state, and to establish refuges and preserves therefor. It created and prescribed the duties of a state commission, to be known as the forestry, fish and game commission, and among other things provided:

"That for the purpose of acquiring the necessary lands, water and water rights for the carrying out of the provisions of this act, and the purposes for which said commission is created, the said commission, in the name of the state of Kansas, shall have and exercise, and there is hereby conferred upon it, the same rights of eminent domain as are conferred by law upon cities in the acquisition of land or water for waterworks; and upon request of said commission, the attorney-general shall proceed by proper action to acquire by condemnation all lands or rights therein or thereon, and all water and/or water rights required by said commission." (§ 7.)

The procedure for acquiring property by condemnation referred to in the section just quoted is found in R. S. 26-201 to 26-210. Following this procedure, the forestry, fish and game commission, through its attorney, filed with the judge of the district court of the county in which the real property sought to be taken is situated, a written application describing the real property, setting forth the purpose for which it was sought to be taken, and praying that commissioners be appointed to make an appraisement and assessment of the damages therefor. The commissioners made their appraisement and assessment of damages and filed in court their written report. Within ten days thereafter the attorney for the commission filed in court a notice that the commission deemed the appraisement made by the commissioners excessive and high, and for that reason abandoned and dismissed the condemnation proceedings. Thereafter, and within thirty days from the filing of the report of the commissioners, other attorneys, on behalf of the forestry, fish and game commission, filed in court a motion for permission to withdraw from the files of the case the notice previously filed by the attorney for the commission, and notice of this motion was served promptly on the property owners and their attorneys. This motion was pre-

sented to the court, argued by respective counsel, and after due consideration was sustained.

On receipt of the notice of the motion last mentioned the owners of the property sought to be taken, through their attorneys, appealed from the appraisement and assessment of damages made by the commissioners to the district court, as provided by R. S. 26-205. This appeal came on regularly for trial and was tried to the court and jury. The only question to be determined on such appeal was the amount of compensation to be allowed. (R. S. 26-205.) The jury found the amount of compensation to be allowed, which sum was approved by the court, and the same has been paid, as provided by statute. The property owners have not accepted the amount so allowed and paid and have appealed to this court.

On the motion for a new trial only two questions were presented, and they are argued here. It is contended that the court erred in excluding evidence. One of the property owners, while testifying regarding the value of the property taken, stated that a few months before the condemnation proceeding he had been offered a certain price for the property, more than had been allowed him by the commissioners. Counsel for the commission moved to strike out this statement as not being a proper measure of the fair and reasonable value of the property. The court sustained the motion. Appellants complain of that ruling. A mere offer of a sum of money for property is not much evidence of its fair and reasonable value, unless the court were to take time to try out all the elements which went into the offer to purchase and the motive which prompted it. It may have been influenced by considerations other than the fair and reasonable value of the property. No effort was made to show these circumstances. There was no error in this ruling. In *Saint Joseph & D. C. R. R. Co. v. Orr,* 8 Kan. 419, it was held:

"Evidence of *an offer* made for land is inadmissible to prove its value. Such testimony is easily manufactured. It is warranted neither on principle nor on authority, and is too dangerous to be tolerated." (Syl. ¶ 9.)

This case was cited and followed on this point in *Chicago, Milwaukee, etc., R. Co. v. Alexander,* 47 Wash. 131, in *T. R. G. E. Co. v. Durham,* 38 Nev. 311, and in *Sharp v. United States,* 191 U. S. 341, 48 L. Ed. 211, where similar evidence was rejected and the ruling upheld, and the reasons for its exclusion discussed, citing a number of cases. See, also, 22 C. J. 179; 10 A. & E. Encyc. of L. (2d ed.) 1154.

Appellants complain of certain language used by the attorney for the commission in his closing argument to the jury. Objection was made to the specific language at the time. The court ruled that the statement by the attorney for the commission was fair argument in view of the argument made to the jury by the property owners. What was said in that argument has not been preserved in the record and is not before us. It is very likely the ruling of the court was correct. Certainly we are not in position to say that the ruling was erroneous.

Appellants present a question here which was not presented to the court below on motion for a new trial. Ordinarily that of itself would be sufficient to justify, or even to require, this court not to consider it. (*K. P. Rly. Co. v. Mihlman*, 17 Kan. 224; *Bank v. Grisham*, 105 Kan. 460, 179 Pac. 328.) But counsel for appellants contends that the question goes to the jurisdiction of the court of the subject matter of the action and argues that such a question may be considered even though not specifically raised in the court below. In view of this contention, without taking the time to analyze carefully whether the question goes to the jurisdiction of the subject matter, we shall consider the question presented. The question grows out of the fact that the attorney for the forestry, fish and game commission, within ten days after the commissioners appointed by the court had made their appraisement and assessment of damages and filed their report thereof in court, filed the notice previously mentioned to the effect that the commission deemed the appraisement and assessment of damages to be excessive and high, and for that reason abandoned the condemnation proceeding. The statute relating to this point reads:

"That if the governing body of any city [the forestry, fish and game commission in this case] shall deem such city [commission] aggrieved by any appraisement, assessment of damages or award by said commissioners made to any owner or claimant of land sought to be appropriated it may, by resolution adopted within ten days after the filing of such report, abandon the condemnation of any lot or tract of land. . . ." (R. S. 26-206.)

Appellants argue that the notice previously mentioned, filed by the attorney for the commission, was an abandonment of the condemnation proceedings within the meaning of this statute, and that all steps taken by any of the parties in the proceedings subsequent thereto are void and of no effect, for the reason that by the filing of such notice the condemnation proceedings terminated, and

that the court thereafter had no jurisdiction of the subject matter. (Citing and relying on *Isley v. City of Attica*, 59 Ind. App. 694; *Mabon v. Halsted, Director, &c.*, 39 N. J. L. 640; *State v. City of Minneapolis*, 40 Minn. 483, and allied cases.) The point is not well taken. By the application to the judge of the court for the appointment of commissioners to make an appraisement and assessment of damages for the land sought to be taken, and by the action of the commissioners in making such appraisement and assessment and filing their report with the court, certain rights, liabilities and duties had been established. For example, if no other steps were taken the property owners were entitled to the amount awarded by the commissioners and might have maintained an action against the forestry, fish and game commission therefor. On the other hand, the commission was entitled to the property on the payment of the amount awarded by the commissioners. Outside of an agreement between the parties to abandon the condemnation proceedings—and it is not contended there was any such agreement in this case—the only way the forestry, fish and game commission could abandon the condemnation proceedings was by the method provided by the statute, and that is by resolution adopted by the commission within ten days after the filing of the report of the appraisers. The record in this case does not disclose that any such resolution ever was adopted by the forestry, fish and game commission, and it is not even contended in the brief of appellants that such resolution was adopted. It is said in the oral argument that no such resolution was in fact adopted; that the attorney for the commission, on his own behalf, or perhaps after conferring with one of the commission, filed the notice mentioned. The statutes of the several states provide various methods by which the public body, seeking to condemn real property, may abandon the condemnation proceedings. It is not necessary to analyze all these statutes and the decisions of the courts construing them. It is sufficient to point out that our statute, here in question, provides that the abandonment of the condemnation be by resolution adopted by the commission. No such resolution was adopted. The trial court correctly held that there had been no abandonment of condemnation proceedings by the commission.

The judgment of the court below is affirmed.

JOHNSTON, C. J., not sitting.