No. 32,940

LOUISE K. SEARCY, *Appellee*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant*.

(67 P. 2d 534)

Opinion filed May 8, 1937.

*Martin Trued,* of Tribune, *Wint Smith,* assistant attorney general, *Henry E. Martz* and *Ralph M. Hope,* both of Topeka, for the appellant.

*R. D. Armstrong, D. B. Lang,* both of Scott City, and *George L. Reid,* of Tribune, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action whereby the state highway commission condemned ground for highway construction purposes. The landowner appealed from the award made by the appraisers. A

greater amount than was allowed by the appraisers was allowed by the district court. The highway commission appeals from that judgment.

The land condemned is 1.5 acres, which comprised a part of a five-acre tract just outside the city of Tribune. The tract was bordered on the east by state highway 27 and on the north by highway 96. The land taken was a strip off each side of the original tract and a triangular piece taken at the corner. The purpose of taking the land was to do away with a square corner.

There was a filling station and cabin camp located on this land. As a result of the condemnation the gasoline pumps, the cabins, a barn, a shed and a garage had to be moved off the land taken, back to new positions on the portion of the land remaining. At the time of the trial in the district court all these buildings had been satisfactorily moved to new locations on the remaining land. The cost of moving these buildings is one element in the claim which the landowner is pressing against the commission.

The commissioners appointed by the district judge allowed damages as follows:

| | |
|---|---:|
| Land taken (1.5 acres) | $200.00 |
| Fence | 25.00 |
| Damaged buildings | 1,000.00 |
| General damages | 300.00 |
| Total | $1,525.00 |

The commission paid the amount of the appraisement to the clerk of the district court and took possession of the condemned property. When the appeal was tried in the district court the jury returned a verdict in the amount of $2,558.91. After a motion for a new trial was overruled judgment was rendered in favor of the landowner in that amount. The commission appeals.

Various errors are assigned by the commission. They will be considered in the order presented.

In the first place, counsel for the landowner in making his opening statement to the panel before a jury had been selected to try the action, stated what amount the commissioners had allowed. Counsel objected to this and asked the court to discharge the panel. The court denied this motion but did instruct the jury to disregard all statements of counsel as to the award of the commissioners. If the case were one where this circumstance stood alone this would not be considered of sufficient gravity to warrant ordering a new trial.

After the trial had been under way one of the commissioners who made the appraisement testified in behalf of the highway commission as to the fair market value of the land taken and the damages to the remainder. During his cross-examination he was asked and permitted to testify about the amount of the award. The highway commission objected to this and the objection was overruled. The commission urges here that this was error. The evidence should not have been admitted. The amount of the award made by the commissioners in a condemnation case is not admissible in evidence and it is not proper for a jury to be told the amount of it. In *C. K. & N. Rly. Co. v. Broquet,* 47 Kan. 571, 28 Pac. 717, the action was by a railway company to condemn land for a right of way. At the trial on appeal the trial court told the jury what the amount of the award made by the commissioners was. This court held this was error, and said:

"The award made by the commissioners was not admissible in evidence, and the court was not warranted in presenting the amount of the allowance as a fact to the jury. When an appeal is taken, the case is tried *de novo* upon new evidence, and the award of the commissioners is no more competent than would be the former verdict of the jury upon an appeal from a justice of the peace to the district court. It is only the opinion of the commissioners as to the damages sustained, and the statement of the amount awarded by them is hearsay evidence, which is not admissible, whether stated by a witness or by the court in its charge." (p. 572.)

See, also, *State v. Brown* (Mo.), 95 S. W. 2d 661, and *A., B. & A. Railroad Co. v. Smith,* 132 Ga. 725, 64 S. E. 1073.

The landowner points out that these questions were asked the witness on cross-examination after he had testified on direct examination as to his opinion on the market value of the land and were proper questions on cross-examination to test the credibility of the witness. In this connection it is pointed out that the trial court instructed the jury that this evidence should not be considered by it in determining the market value of the property. We hold that such evidence was not of such a nature that it was admissible for the purpose of testing the credibility of the witness. Had the witness at some other time said the land was worth some altogether different amount than he testified to, the questioning about this statement might have been permitted for the sake of attacking his credibility, but here he testified as to the same amount. The instructions referred to did not cure the error. (See *Railroad v. Roberts,* 187 Mo. 309, 86 S. W. 91.)

Perhaps if this error were the only one committed by the trial court it would not be considered of sufficient gravity to necessitate a new trial of the action. There were other errors committed, however, which will require our attention.

Just across the road from the land involved in this action there were located some lots owned by a man named Dickhut. Part of these lots was also taken for highway purposes. The owner of them made a settlement with the highway commission for the damages sustained when they were taken.

When one of the witnesses for the landowner was on the stand he was permitted to testify that he knew of some sales of land in the vicinity recently and that one of these was of the Dickhut land. He was asked if he did not know the highway commission paid $1,000 for it. This question in one form or another was asked practically every witness for the commission over the objection of counsel for the commission. Some of them were permitted to testify as to this amount. It is argued that the admission of this evidence was error. The price paid for other land in the vicinity by the highway commission is of no value at all in our quest for the market value of this land. The trouble is the sale inquired about was made by Dickhut as the result of condemnation proceedings even though the commission was not compelled to carry them out to a finality. There may have been any one of a number of reasons why the commission thought it wise to make a settlement with Mr. Dickhut, any one of which would prevent this sale from being of any help to us here. In Nichols on Land Damages, 247, the rule is stated as follows:

"The price paid for neighboring land when taken by eminent domain, either as a result of an award, a verdict, or a settlement, is inadmissible, as it is not a sale in open market and does not show market value. A sale made to a corporation, about to take the land by eminent domain if the price is unsatisfactory, is open to the same objection."

See, also, 10 R. C. L. 221.

In this connection the landowner points out that the trial court instructed the jury that this evidence should not be considered by it in determining the value of the premises, but it might be considered in determining the weight to be given to the opinions of the witnesses who had claimed to have knowledge qualifying them to express an opinion on the market value of the property from their knowledge of commercial transactions in real estate in the commu-

nity and in the vicinity of this property. This instruction did not cure the error on account of the fact that the sale about which the inquiry was made was not a voluntary sale but was a sale as the result of a condemnation proceedings.

Some witnesses testified as to an offer the landowner had received for this land of a figure much in excess of the amount allowed by the commissioners. This was error. (See *Saint Joseph & D. C. R. R. Co. v. Orr*, 8 Kan. 419, also *State v. Nelson*, 126 Kan. 1, 266 Pac. 107.)

The landowner meets this argument by arguing that the first evidence as to a previous offer was made by a witness of the landowner but was brought out by the commission on cross-examination. The way it was brought out was as follows:

"Q. Now, as a matter of fact, that property was never worth $4,500, was it? A. Yes, sir.

"Q. It was? A. Yes, sir. I had a client and we tried to buy that of Mrs. Searcy for $6,000.

"Q. You did. When was that? A. That must have been in May or June this year.

"Q. What were the terms of that offer? A. We couldn't get her to say anything.

"Q. But your client said he would pay $6,000? A. Yes.

"Q. And you advised him to buy it? A. Yes, and he wanted to buy it."

It is clear that the statement as to the previous offer was a voluntary statement of the witness. Standing by itself this would not be regarded as sufficient error to warrant reversing the judgment, but other witnesses were asked about this offer until the jury could not help getting the idea that it was of some weight.

The next point argued by the commission is that witnesses for the landowner were permitted to testify as to the investment value of this property rather than its market value. Two witnesses testified in this manner. It would add nothing to this opinion to incorporate this testimony verbatim. An examination of the record, however, has convinced us that witnesses Liggett and Sleigh testified as to the value of this property from an investment standpoint rather than as to its market value. The question at issue was as to the market value of the property before and after the condemnation. Evidence as to the investment value was incompetent. Even though it should be held that the investment value was a criterion for arriving at the fair market value it was shown that the knowledge of the witnesses

upon which they based their testimony as to the investment value was a matter of guesswork and conjecture about which they freely admitted they knew nothing. Damages cannot be based upon such evidence. (See *Telegraph Co. v. Bridge Co.*, 89 Kan. 418, 131 Pac. 143, also *E. M. N. & S. E. Rly. Co. v. Maxwell*, 39 Kan. 651, 18 Pac. 819.)

The next argument of the commission is that the instruction given by the trial court as to how the jury should arrive at the amount of damages was incorrect. We have examined this instruction. While it might be improved upon by making it a little simpler we do not regard it as erroneous.

The trial errors to which reference has been made would ordinarily require that this case should be reversed and a new trial ordered. Counsel for the highway commission, however, admit in their brief that there was substantial competent evidence that would have warranted the jury in returning a verdict in the amount of $1,891 and a judgment based thereon would not have been unreasonable.

The order of this court is, therefore, that if the landowner will accept a remittitur reducing the judgment in this action to $1,891 the judgment will be affirmed; while if the landowner will not accept this remittitur this judgment is reversed and a new trial ordered.