No. 33,253

The State Highway Commission of the State of Kansas, *Appellant,* v. Maurine L. Phillips and James H. Phillips, *Appellees.*

(69 P. 2d 12)

Opinion filed June 12, 1937.

*Wint Smith,* assistant attorney general, and *Henry E. Martz,* of Wichita, for the appellant.

*Karl V. Shawver,* of Paola, for the appellees.

*Bernard L. Sheridan* and *L. Perry Bishop,* both of Paola, as *amici curiae.*

The opinion of the court was delivered by

Harvey, J.: This appeal involves the right of the state highway commission to abandon a condemnation proceeding after the appraisers had made their report and an appeal had been taken from the award, but before a hearing thereon in the district court. The trial court denied the highway commission's motion to abandon the proceeding, and it has appealed.

Perhaps it is best first to notice the pertinent statutes. G. S. 1935, 68-413, so far as here pertinent, reads:

"That the state highway commission, in the name of the state, may acquire title . . . by the exercise of the right of eminent domain, to any lands . . . required in the construction, . . . of the state highways. . . . The right of eminent domain when exercised as herein provided shall be in accordance with the provisions of article 1, chapter 26 of the Revised Statutes of 1923" (now G. S. 1935, 26-101, 26-102).

The first of these sections provides in substance that when the condemning party desires to acquire land for a lawful purpose it shall present to the district court of the county wherein the land is situated, or to the judge thereof, a petition setting forth the purpose

for which the land is sought, a description thereof, and the name of the owner as shown by the records. The court or judge shall examine the petition and determine whether the petitioner has the power of eminent domain, and whether said lands are necessary to its lawful purposes, and if found in the affirmative such findings shall be entered in the record, and the court shall appoint three disinterested householders of the county to view and appraise the land. The appraisers are required to take an oath, which shall be filed with the clerk of the court, and give ten days' notice to the owners of the property and lienholders of record, and also by publication of the time and place where the damages will be assessed; and at the time fixed, and upon actual view, to appraise the value of the land taken and assess damages done to the owner. The section then reads:

"If the petitioner desires to acquire the land at the appraised price it shall within thirty days deposit with the clerk of the district court the total amount of such appraisement, shall pay the court's costs and the fees of the appraisers, to be fixed by the court, or the judge thereof, and the title to all such lots and parcels of ground thereupon shall immediately vest in the said petitioner, and the said petitioner shall be entitled to the immediate possession thereof and all remedies provided by law for the security of such title and possession. A copy of such proceeding shall be filed with the register of deeds and recorded in the same manner as other conveyances of title. If the petitioner shall not within thirty days comply with all of the terms of such condemnation, or appeal therefrom, judgment for the costs of such proceeding, including appraisers' fees, shall be entered against the petitioner as in other cases."

Section 26-102 reads:

"If the petitioner or the owner of any lot or parcel of ground so condemned shall be dissatisfied with the appraisement thereof, he shall, within thirty days, file a written notice of appeal with the clerk of said court and give bond for the costs thereof, to be approved by said clerk, and thereupon an action shall be docketed and tried the same as other actions."

Section 60-3105, so far as here pertinent, reads:

"An action may be dismissed without prejudice to a future action: *First.* By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court."

The record discloses the state highway commission sought to improve one of its paved state highways in Johnson county by building a bridge, or viaduct, over the Missouri Pacific Railway tracks. This particular improvement was designated as a project and given a number. The highway to be improved was sixty feet wide. The highway commission deemed it necessary to increase the

width of the highway for a distance of 2,100 feet for this project. Maurine L. Phillips owns land adjoining the east side of the highway at the north end of this project. On this there is a residence, in front of which is a filling station, also a barn and some other buildings. In order to do the work on the project the highway commission put a barrier across the highway south of the project and detoured the traffic, and placed a similar barricade across the highway at the north end of the project near the north line of the Phillips property, but at this a passageway was left open for ingress and egress to the Phillips property and filling station, and for workmen on the project.

On March 24, 1936, the highway commission presented its petition to the judge of the district court of Johnson county reciting its corporate existence, its desire to acquire, in the name of the state, for highway purposes a strip of the Phillips land 60 feet wide and 204.9 feet long, describing it, naming the owner and the lienholder of record, and reciting that on a day named the state highway commission, in regular session, found it necessary to acquire the land for highway purposes by the exercise of the right of eminent domain, as provided by G. S. 1935, 68-413, and by exercising the right of eminent domain in accordance with G. S. 1935, 26-101 and 26-102, and asking for the appointment of appraisers in accordance with those statutes. The judge of the district court examined the petition and found "that the petitioner has the power of eminent domain and that the lands described in said petition are necessary to petitioner's lawful corporate purposes as set out in said petition." Appraisers were duly appointed. On April 15, 1936, the appraisers filed their report and appraisement with the clerk of the district court. On May 11, 1936, the landowners filed a notice of appeal and bond for costs, as provided by statute. On May 13, 1936, the State Highway Commission filed its notice of appeal, as provided by law.

On July 3, 1936, the state highway commission filed a motion to dismiss its appeal, and on July 6, 1936, it filed a motion setting out that it had previously filed its petition for the condemnation of the property, describing it, and giving the names of the owners and lienholders, and alleging that the highway commission "now shows to the court that none of said tract above described is needed or required for the state highway purposes of any kind," and moved for authority and an order dismissing and abandoning the condemnation proceeding. On July 9, 1936, both these motions came on for

hearing. The trial court sustained the highway commission's motion to dismiss its appeal. No complaint is now made of that. On its motion for an order dismissing and abandoning the condemnation proceeding evidence was taken to this effect: The right of way engineer for the highway commission testified that he had originally ordered the condemnation of the tract of the Phillips property, that he was now familiar with the construction plans of the project, and that the Phillips tract is not necessary for the construction of the project, that the project can be built without it, and that the land is not now needed for highway purposes. The resident engineer gave testimony to the same effect. There was testimony also that the highway commission, by its director, had executed a quitclaim deed to Maurine L. Phillips conveying to her the interest, if any, the highway commission had acquired by the steps it had taken to acquire the property. There was testimony on behalf of Mrs. Phillips that the barricading of the road for the construction of the project had ruined the filling-station business, and that employees of the highway commission and of the contractor had actually used the strip sought to be taken, or a portion of it, by traveling over it with trucks, tractors and graders, which had cut holes in the surface of the ground in places, and that some pieces of cement slab, torn up in front of the filling station, had been dropped or thrown upon the land sought to be taken, also that a number of the workmen on the project parked their cars on the land and near the filling station.

We have had occasion to consider the right of the condemning party to abandon the condemnation proceeding under three general types of statutes: (a) Under G. S. 66-901 *et seq.*, where a railroad was the condemning party, it was held, in *Todd v. Atchison, T. & S. F. Rly. Co.*, 134 Kan. 459, 17 P. 2d 79, that "the railway company may abandon its purpose to take the property at the price fixed without incurring any liability to pay the damages awarded, even after a trial has been had upon the appeal by the landowner to the district court, and a motion for a new trial has been made and overruled if the railway company has not yet taken possession of the land." (b) Under proceedings for the exercise of the right of eminent domain by cities (G. S. 26-201 *et seq.*). In *State v. Nelson*, 126 Kan. 1, 266 Pac. 107, it was held that the forestry, fish and game commission, which had to proceed under these statutes in exercising the right of eminent domain, if it desired to abandon the proceeding had to do so by a resolution passed by its governing body within ten days after the report of the appraisers had been

filed. Neither of these cases is controlling here for the reason that the procedure for the condemnation here involved was not under the provisions of the statute construed and applied in those cases. (c) The procedure here is under G. S. 1935, 26-101, 26-102, specifically made so by G. S. 1935, 68-413. In *Stewart v. Marland Pipe Line Co.*, 132 Kan. 725, 207 Pac. 708, it was held that the right of the condemning party to abandon the proceeding under these statutes was governed by the general right of plaintiff in a civil action to dismiss his action under G. S. 1935, 60-3105. By this section the plaintiff has the right to dismiss without prejudice to a future action at any time "before the final submission of the case to the jury, or to the court where the trial is by the court."

This leads us to consider who is properly regarded as the plaintiff in a condemnation proceeding. This was determined comparatively early in the history of this state in *St. L., Ft. S. & M. Rld. Co. v. Martin*, 29 Kan. 750. It was there held:

". . . that although for the recovery of damages merely, in the district court, the owner of the land may be considered the plaintiff and the railroad company the defendant; yet upon the entire condemnation proceedings taken as a whole, the railroad company is more properly the plaintiff and the owner of the land the defendant; and when the railroad company totally abandons such proceedings by filing a disclaimer, as in this case, and thereby virtually dismisses such proceedings, such dismissal will have the same effect as the dismissal by a plaintiff in an ordinary action." (Syl. ¶ 1.)

In the opinion by Justice Valentine the question is examined with painstaking care characteristic of the writer. The holding never has been disapproved. In effect it was given credence in *Stewart v. Marland Pipe Line Co.*, supra, where it was held that the pipe-line company, the condemning party, had moved to dismiss the proceeding too late, the motion having been made after the case had been submitted to the jury and a verdict returned.

Applying these decisions to the record before us, there seems to be no escape from a holding that the condemning party in this case had a right to dismiss and abandon the proceeding at the time its motion therefor was filed and acted upon.

Appellees argue that the court, having considered the petition of the highway commission, and having found that it had the right of eminent domain, and that the property sought to be taken was needed for highway purposes at a prior term of court, this became a final judgment on those questions, and that a motion to dismiss the proceeding at a subsequent term of court could not be sustained or granted unless that judgment were set aside in some manner pro-

vided by the code of civil procedure. We regard the point as not being well taken. The finding and order of the court at the time the petition was filed and the appraisers appointed was in the nature of a preliminary or interlocutory finding and order and was not a final adjudication of the rights of the parties. It would not have prevented the landowner from bringing an independent action to enjoin the condemnation proceeding upon the ground that the condemning party had no right to exercise the right of eminent domain, or that the property was not taken for a lawful purpose. (*City of Kansas v. K. P. Rly. Co.*, 18 Kan. 331; *Smouse v. Kansas City S. Rly. Co.*, 129 Kan. 176, 282 Pac. 183.) Neither would it prevent the landowner from raising the same question in the condemnation proceeding itself. (*State Highway Comm. v. Ford*, 142 Kan. 383, 46 P. 2d 849.)

Much is said in the brief of the appellees and in the brief of *amici curiae*, who represent the holder of a mortgage upon the premises, about damages already caused to the landowner. Most of this appears to have resulted from the fact that it was necessary for the highway commission to barricade the highway at each end of the project and to detour the traffic while the project was under construction. Perhaps some of it resulted from the fact that employees of the highway commission and of the contractor had to some extent used a part of appellees' land in going to and from their work. It will be noted the highway commission never paid the award made by the appraisers within thirty days, or at any time. It therefore had no right under the statute (G. S. 1935, 26-101), or the proceeding it had taken, to the possession of any part of the Phillips land. It had no lawful right to use or occupy the land. (*L. N. & S. Rly. Co. v. Whitaker*, 42 Kan. 634, 636, 22 Pac. 734.)

This is not an action for damages. We are not called upon in this case to decide whether appellees can recover from the highway commission damages of the nature their evidence tended to show they had sustained. We note some things said in *Todd v. Atchison, T. & S. F. Rly. Co.*, supra, indicating recovery could not be had for such damages. But the question is not before us and we do not attempt to decide it.

Our conclusion is, the state highway commission had a right to abandon the proceeding at the time it moved to do so and its motion was acted upon. The judgment of the court below is reversed with directions to sustain appellant's motion to dismiss the proceeding without prejudice, and at its cost.