No. 40,921

In the Matter of the Petition of the STATE OF KANSAS for the Appointment of Commissioners to Appraise and Assess Damages by Reason of the Condemnation of Certain Lands Hereinafter Described, for Public Use. THE STATE OF KANSAS and Its FORESTRY, FISH and GAME COMMISSION, *Appellants*, v. BOICOURT HUNTING ASSOCIATION, a Corporation, OTTAWA HUNTING ASSOCIATION, INC., STELLA THOMPSON, GLEN S. BAKER, SYLVIA D. BAKER, WALTER M. HALL, NANCY A. HALL, KEITH V. WARE, DOROTHY M. WARE, J. RENAU GARR, and EVELYN W. GARR, *Appellees.*

(326 P. 2d 277)

Opinion filed June 7, 1958.

*John Anderson, Jr.,* Attorney Genral, and *Noel Mullendore,* Special Assistant Attorney General, were on the briefs for the appellants.

*Douglas Hudson, Howard Hudson* and *Douglas G. Hudson,* all of Fort Scott, were on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order denying a motion by the Forestry, Fish and Game Commission to dismiss and abandon condemnation proceedings as to certain lands. Appellees are the landowners involved, and they join appellant commission in seeking reversal of the trial court's order.

The background of the matter under consideration is found in *State v. Boicourt Hunting Ass'n,* 177 Kan. 637, 282 P. 2d 395, and *Ottawa Hunting Ass'n v. State,* 178 Kan. 460, 289 P. 2d 754, (cert. denied 352 U. S. 804, 1 L. ed 2d 38, 77 S. Ct. 31) and need not be repeated here.

Pending the final determination of the litigation in the two mentioned cases, further proceedings with respect to the five tracts of land here involved were held in abeyance. On April 1, 1957, the district court entered an order directing the appraisers, theretofore appointed, to conclude their appraisement and to file their report within thirty days.

On April 20, 1957, the commission adopted a "Resolution of Partial Dismissal" in which it was resolved to dismiss and abandon without prejudice the condemnation proceeding theretofore instituted with respect to the five tracts here involved.

On May 2, 1957, the commission, through the attorney general, filed a "Motion for Partial Dismissal and Abandonment of Condemnation Proceedings Without Prejudice." This motion related to the tracts as to which on April 20th the commission had resolved to dismiss and abandon.

At the time of oral argument on this motion counsel for the owners of the five tracts involved consented to the motion for dismissal and abandonment and joined in the request that it be granted. The court took the matter under advisement, and on June 6, 1957, entered an order denying the requested dismissal and abandonment. At the time of its ruling the court filed a written memorandum in the nature of "findings of fact and conclusions of law" setting forth its reasons for denying the motion. As will later appear, however, it is unnecessary to discuss in detail the basis of the ruling.

As we view the matter before us, the question presented is very simple and is governed by statute and a prior decision of this court.

G. S. 1949, 32-213, confers upon the commission the same rights of eminent domain as are conferred by law upon cities in the acquisition of land or water for waterworks. In *State v. Nelson,* 126 Kan. 1, 266 Pac. 107, this statute was interpreted as meaning that the procedure for acquiring property by condemnation is found in what now appears as G. S. 1949, 26-201 to 26-210. G. S. 1949, 26-206, provides that the governing body of a city may, by resolution adopted within ten days after the filing of the report of appraisers, abandon the condemnation of any lot or tract of land.

In the Nelson case the Forestry, Fish and Game Commission had sought condemnation of certain property. The appraisers made their appraisement and assessment of damages and filed in court their written report. Within ten days thereafter the attorney for the commission filed in court a notice that the commission deemed the appraisement excessive and for that reason sought abandonment and dismissal of the condemnation proceeding. It was conceded that no resolution for abandonment and dismissal had been adopted by the commission. In holding there had been no abandonment by the commission, this court said:

". . . Outside of an agreement between the parties to abandon the condemnation proceedings—and it is not contended there was any such agreement in this case—the only way the forestry, fish and game commission could abandon the condemnation proceedings was by the method provided by the statute, and that is by resolution adopted by the commission within ten days after the filing of the report of the appraisers." (p. 5.)

In the case before us the appraisers had not appraised the property and, of course, no report had been filed. The commission's action of April 20th was by resolution. Under the above-mentioned statute it could have, by a resolution adopted within ten days after the appraisers' report, abandoned the condemnation as to the tracts involved. Of a certainty, therefore, it possessed such power and authority prior to the filing of such report, and that is precisely what it did.

In passing, it is noted that the trial court gave as one of its reasons for denying the motion to dismiss and abandon, the fact that the resolution of the commission was not by a unanimous vote. The resolution was adopted by a four to two vote.

G. S. 1949, 74-3301, creating the Forestry, Fish and Game Commission, provides that it shall be composed of six members and that four members thereof shall constitute a quorum for the trans-

action of business. Here, however, all six members of the commission participated in the resolution. G. S. 1949, 77-201, *Fourth*, provides that:

"Words giving a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of them, unless it be otherwise expressed in the act giving the authority."

The resolution in question, having been adopted by a majority of the entire commission, clearly was valid and binding. The status of the condemnation proceeding being what it was, the commission was within its rights and had authority at that stage of the proceeding to dismiss and abandon as to the tracts in question. In view of our conclusion, other contentions as to why the ruling of the trial court was erroneous require no discussion.

The judgment is therefore reversed with directions to sustain the motion to dismiss and abandon as to the tracts in question.