(603 P.2d 1031)
No. 50,743

GENE CAIN and MARY LOUISE CAIN, his wife, Landowners, *Appellees,* v. CITY OF TOPEKA, KANSAS, a Municipal Corporation, *Appellant.*

*Petition for review denied January 29, 1980.*

Opinion filed December 14, 1979.

*Richard E. Jones,* deputy city attorney, for appellant.

*John R. Hamilton,* of Crane, Martin, Claussen, Hamilton & Barry, of Topeka, for appellees.

Before FOTH, C.J., ABBOTT and REES, JJ.

REES, J.: The City of Topeka appeals from a jury verdict awarding Gene and Mary Cain $205,192.36 for the taking of six tracts of land by the City through the exercise of its power of eminent domain. The condemned land, located just east of downtown Topeka, consisted of six noncontiguous tracts within a single city block. The appraisers' award was $109,138. We affirm.

Mr. Cain testified on his own behalf. Cain was experienced in real estate matters and was permitted to give his opinion of the highest and best use of the six tracts of land. Included in his testimony was the following:

"The highest and best use would be a motel or an office complex which could be of a legal nature because of the downtown courthouse, federal courts, or of a medical office complex nature or of an office that could use exposure from the highway, easy access in and out and an address that would be very explainable to somebody from out of town."

Arguing that the permitted conclusion of value giving rise to

the verdict was improperly speculative, the City complains of the landowners' evidence referring to and premised upon usage of the condemned property as or as a part of a motel site.

Parties to an eminent domain proceeding are entitled to adopt their own theories as to the highest and best use of the condemned land. *Humphries v. State Highway Commission,* 201 Kan. 544, 549, 442 P.2d 475 (1968). The fact that the land has been used for one purpose only does not prevent showing its availability and value for other uses provided the other uses are so reasonably probable as to have an effect on the present market value of the land. *Humphries v. State Highway Commission,* 201 Kan. at 549-550; *Regnier Builders, Inc., v. Linwood School District No. 1,* 189 Kan. 360, 362, 369 P.2d 316 (1962). As stated in 4 Nichols on Eminent Domain § 12.3142(2), pp. 12-389-390 (3d ed. 1978):

"In order to merit consideration the potential uses must be so reasonably probable as to motivate a prospective purchaser in his desire to acquire the property. Purely imaginative or speculative values are excluded."

The use of the condemned land as a motel site would have required acquisition of adjacent tracts. We have found no Kansas case addressing the issue of whether a potential use of condemned land that would require its assemblage with adjacent land is proper highest and best use evidence.

Two cases relied upon by the City, *Hoy v. Kansas Turnpike Authority,* 184 Kan. 70, 76, 334 P.2d 315 (1959); and *Ives v. Kansas Turnpike Authority,* 184 Kan. 134, 140-143, 334 P.2d 399 (1959), do not address this issue and are not helpful.

The rule stated in 4 Nichols on Eminent Domain § 12.3142(1) p. 12-329 (3d ed. 1978), is:

"Where the highest and best use of separate parcels involves their integrated use with the lands of another, such prospective use may be properly considered in fixing the value of the property if the joinder of the parcels is reasonably practicable."

Other jurisdictions have recently reached similar conclusions. *State v. Long,* 334 So. 2d 754, 759-760 (Ala. 1977); *Meakin v. Steveland, Inc.,* 68 Cal. App. 3d 490, 502, 137 Cal. Rptr. 359 (1977); *City of Indianapolis, Dept. of Met. Dev. v. Heeter,* ____ Ind. App. ____, 355 N.E.2d 429, 434 (1976). We find the rule logical and adopt it.

Cain testified he purchased the six tracts of land with the intention of assembling the entire block for development. He

testified a zoning change to facilitate and allow the desired development was a reasonable probability. Cain's testimony indicated that since about 1970 the area had been under threat of condemnation for a civic center; this was a reason for not purchasing the adjoining tracts. The City points to no evidence indicating the additional tracts could not have been assembled. There appears to have been no question but that if assembled the subject and adjoining tracts were a prime motel site. *Cf. Glover v. State Highway Comm.,* 147 Kan. 279, 292, 77 P.2d 189 (1938) [no likelihood or probability of subdividing land for improvements]. All appraisal witnesses, including the City's, testified in varying degrees that assemblage of the entire block for development would have to be considered to arrive at a conclusion as to highest and best use. The contested evidence was properly admitted.

The amended pretrial order limited each side's evidence of comparable sales to ten transactions. All ten comparable sales relied upon by the landowners involved properties purchased by the A. T. & S. F. Employees' Benefit Association. The City argues these ten sales were improperly admitted into evidence because each was made under peculiar circumstances and consequently did not properly reflect fair market value. The City points out that the purpose of the Association in purchasing the properties was for leasing to Memorial Hospital, Inc. The hospital was expanding and the only adjacent land available for desired additional parking was the land purchased by the Association. All members of the board of trustees of the Association were members of the board of directors of the hospital.

The City notes the hospital has the power of eminent domain (see K.S.A. 17-618) and founds an argument on the rule that the purchase price of property subject to condemnation but which is transferred by private sale and deed is not admissible as evidence of fair market value. See *Rostine v. City of Hutchinson,* 219 Kan. 320, 329, 548 P.2d 756 (1976); *Searcy v. State Highway Comm.,* 145 Kan. 709, 711-712, 67 P.2d 534 (1937). The City also argues that because the land purchased for lease to the hospital was the only land available for the hospital's desired use, it must be inferred that the Association was pressured into purchasing the land at an inflated price.

The City's arguments do not stand up here. Reliance on *Rostine* and *Searcy* is misplaced. The purpose of the rule that a sale of

land subject to condemnation by the purchaser cannot be used as comparable sale evidence is to assure that only arm's length transactions are admitted as comparable sale evidence. *Rostine v. City of Hutchinson,* 219 Kan. 320; 5 Nichols on Eminent Domain § 21.33 (3d ed. 1969). The mere fact that the purchaser of land was invested with the power of eminent domain does not in and of itself indicate that the sale was anything other than a fair, arm's length transaction. 5 Nichols on Eminent Domain § 21.33, p. 21-103. If the evidence is such as to indicate that an arm's length transaction occurred, then the rule stated in *Rostine* and *Searcy* does not apply. See *Ridglea, Inc. v. Unified School District,* 206 Kan. 111, 115-116, 476 P.2d 601 (1970).

Application of the rule stated in *Rostine* and *Searcy* also is unwarranted for the reason that the Association, not the hospital, purchased the properties and the Association neither had nor has the power of eminent domain. The Association's purpose in purchasing the land may have been to lease it to the hospital, but the trial evidence was not sufficient to establish as a matter of law that an agency relationship existed with regard to those purchases.

Rainbolt, the assistant administrator of both the Association and the hospital at the time the ten purchases were made, testified he felt the prices paid for the properties were fair, not exorbitant, and were reached by arm's length bargaining. He further testified there was at least one other tract of land that the Association wanted to purchase but did not do so because the price was too high. If the price for a property purchased had been too high, he stated the Association would not have purchased it.

We conclude there was evidence the ten comparable sales were made at arm's length and it was proper to allow the jury to consider those sales with the jury to accord that evidence such weight as it chose.

Affirmed.