ELIZABETH TOBIE v. COMMISSIONERS OF BROWN COUNTY.

1. HIGHWAY; DAMAGES; *Increased Value of Land.* Where the location of a public road through land increases its value, and it is not shown that such increase applies to other lands in the same vicinity, nor that it is in common with the rest of the public, such increased value, being the direct and special result of the location of the road, is a proper set-off to reduce the damages of the land-owner.

2. VERDICT; *Special Finding Controls General Verdict.* Where the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the district court may give judgment accordingly.

3. CORRECTING JUDGMENT, *at Subsequent Term.* Where a general verdict is returned for $129.33, and the special findings of the jury authorize a judgment for only $9.33, and the district court, regardless of the special findings, irregularly enters judgment for $129.33, such court may, at a subsequent term, upon the hearing of a motion therefor, alter and modify the judgment in accordance with the special findings, by reducing the same to $9.33. The district court has the right to correct and modify errors in a judgment at or *after* the term at which the judgment is rendered.

*Error from Brown District Court.*

AT the August Term 1875 of the district court, *Tobie* recovered judgment for $129.33 as and for the damages sus-

tained to the lands belonging to the estate of her testator by reason of the laying out and opening of a highway through such lands. At the April Term 1876, such judgment was corrected, and reduced to $9.33; and from the order and decision of the court in so reducing such judgment, *Tobie* appeals, and brings the case here on error for review. All necessary facts are stated in the opinion.

*E. Bierer*, and *James Falloon*, for plaintiff.

*C. E. Berry*, county attorney, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: This was an action concerning damages on the laying out of a public road. The board of county commissioners allowed Peter Tobie twenty-five dollars as his damages for the location of the road through his land, and being dissatisfied, he appealed to the district court of Brown county. During the pendency of the action there, he died, and the case was revived and prosecuted in the name of his executrix, the plaintiff in error. On the trial, the jury returned a general verdict for the appellant for $129.33, as the amount of the recovery against the county. The jury also returned with their general verdict certain special findings of fact, to the effect that the actual value of the land taken by the location of the public road, regardless of all benefits which would accrue to the land by reason thereof, was $129.33; that the value of building a fence suitable to protect appellant's field would be $80, and that the amount of the benefit which would accrue to the farm by reason of the location of said road, in increasing its value, was $200. It was not shown by the evidence, nor the findings of fact, that the proposed road increased the value of the other lands in the same vicinity, or that such benefits were in common with the rest of the public. The board of county commissioners thereupon filed their motion to have judgment rendered for $9.33 against them, and that the costs be taxed to appellant. Upon the hearing of this motion, at the trial

Statement of facts.

term, it was overruled, and upon the application of appellant in that court judgment was immediately rendered against the board of county commissioners for $129.33, and costs. At the October term 1875, the court stated to the counsel of the respective parties to the action, that if an application should be made upon the part of the board of county commissioners to reduce the amount of the said judgment of $129.33 to $9.33, as originally asked for in the motion of the board at the August term, the application would be granted. In pursuance of this intimation, at the April term 1876, the defendants in error filed their written motion and application to have the judgment changed and modified in accordance with the special findings of fact, which was resisted by the plaintiff in error, and upon the hearing, the court at said April term, modified the judgment by reducing it to $9.33, as the amount of the recovery for damages, and assessed the costs against the plaintiff in error; and this change or modification of the judgment is complained of.

The original judgment was clearly irregular, and the court, in the first instance, should have rendered the judgment now of record. The direct and special benefits which accrued to the party claiming the damages by the location of the public road, as found by the jury, were $200. The value of the land taken was $129.33, and the cost of the new fence needed by the location of the road was $80, which together aggregated $209.33. These damages reduced by the direct increase in the value of the land, leave but $9.33 as the sum to which the plaintiff in error was entitled on the special findings. (*Comm'rs of Pottawatomie County v. O'Sullivan*, 17 Kas. 58.) That a landowner may have a special interest in a public highway, not in common with every citizen in the community through which the road runs, see *Venard v. Cross*, 8 Kas. 248.

1. Highway; damages and benefits.

The sum for which judgment was finally and properly given, ($9.33,) being less than the original allowance, the appellant was not entitled to costs. The special findings of facts being inconsis-

2. Special and general verdict.

tent with the general verdict, the former controls the latter, and the original judgment was erroneously entered.

Our code authorizes the district courts to correct errors and irregularities at and *after* the term at which the judg-

3. Correcting judgment.

ment or order was made, and the motion was for alteration and modification of the judgment of August 1875, and was the proper proceeding, as the error to be corrected was one pointed out in subdivision three of section 568 of the civil code. *Small v. Douthitt*, 1 Kas. 335.

The judgment will be affirmed.

All the Justices concurring.