No. 20,274.

C. C. BEARD and ELSIE V. ARTHUR, *Appellants*, v. THE CITY OF KANSAS CITY, KAN., *Appellee.*

SYLLABUS BY THE COURT.

OPENING PUBLIC STREET—*Condemnation Proceedings—Appraisement—Benefits—Injunction.* In a proceeding under section 1024 of the General Statutes of 1909 to extend a street the report of the appraisers stated that they appraised and assessed the actual value of the land taken without reference to the projected improvement and the actual damages to all other property thereby. In the column of benefits opposite the tract of land owned by the plaintiffs were the figures "300," indicating $300, while in the column of damages opposite the tract actually taken was the word "none." *Held*, that in view of the presumption and statement that the appraisers acted in accordance with the law it can fairly be deduced from the entire report that they subtracted the value of the land taken from the benefits to the entire tract, giving a surplus of $300, amounting at most to an irregularity which could be remedied by an appeal taken at a proper time, and hence injunction will not lie.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed January 8, 1916. Affirmed.

*David F. Carson*, and *James T. Cochran*, both of Kansas City, for the appellants.

*Richard J. Higgins*, and *W. H. McCamish*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiffs sought to enjoin the city from taking possession of plaintiffs' land for the purpose of opening a street under certain pretended condemnation proceedings, alleging in substance that they were void and were had with-

out in any manner assessing the damages caused thereby or ascertaining the actual value of the land proposed to be taken or assessing the actual damages to other property affected thereby or assessing against the city the amount of benefit to the public generally, and also that the appraisers, through mistake or by inadvertence, assumed or acted upon the presumption that plaintiffs' land was a part of a public highway and therefore that no compensation was due them. The report of the appraisers was set out as an exhibit and showed that the amount of damages assessed was nothing and the amount of benefits was $300. The defendant demurred and the demurrer was sustained upon the ground that facts sufficient to constitute a cause of action were not stated. Other complaints are made and other questions are argued, but the case turns upon the one point whether or not under the amended petition and its exhibits the defendant is shown to have taken the plaintiffs' land without the required allowance of damages.

The plaintiffs insist that in the face of the allegation that no such allowance was made and of the exhibited report showing the word "none" under the heading "amount of damages allowed" it can not be said that the statutory requirement was followed. The city contends that the real fact is shown by the report of the appraisers, which is, that they did their duty and assessed the benefits $300 greater than the damages and simply stated in their report the difference, without giving the two basic items, the report itself stating that they "upon actual view proceeded to fairly and impartially ascertain, appraise and assess the actual value of the land proposed to be condemned and taken for such street, without reference to the projected improvement and the actual damages to all other property thereby, and we assessed the city the amount of the benefits to the public generally, . . . and we now return said schedule and list in full as a complete and impartial statement of said damages and benefits."

It is argued that the law requiring, in case of an appeal, a bond that the party appealing will pay all costs if he does not recover a judgment for a greater amount than that allowed him by the appraisers (Gen. Stat. 1909, § 1024) implies that the report must specify the sum actually allowed. But it

seems beyond question that the allowance of nothing gives the same right of appeal as the allowance of a nominal sum would give, and if in case the benefits exceed the damages the appraisers ·should simply report the overplus of the former instead of the two amounts with the remainder, the only effect· would seem to be that the party aggrieved could appeal with a much smaller bond than would be required in case the other method had been followed by the appraisers in their report. In *Comm'rs of Pottawatomie Co. v. O'Sullivan*, 17 Kan. 58, a case involving the appropriation of a right of way for a public road, in speaking of compensation to the owner, it was said:

"But this compensation is secured if the individual receive an amount which, with the direct benefits accruing, will equal the loss sustained by the appropriation. We of course exclude the indirect and general benefits which result to the public as a whole, and therefore to the individual as one of the public; for he pays in taxation for his share of such general benefits." (p. 59.)

(See, also, *Tobie v. Comm'rs of Brown Co.*, 20 Kan. 14; *Roberts v. Comm'rs of Brown Co.*, 21 Kan. 247; *Trosper v. Comm'rs of Saline Co.*, 27 Kan. 391.)

The owners were entitled to the value of the land taken less the benefit to their remaining land. The report shows that both the tract owned by the plaintiffs and the part thereof taken for the proposed improvement were considered and the special benefits to the former assessed. While it does not clearly appear that the value of the strip taken was fixed, yet upon the assumption and the general statement in their report that the appraisers did their duty and followed the statute. there is a basis for believing that they in fact named as benefits the surplus over the value of the land taken. If this be true it amounts to nothing more than an irregularity, and the statute has provided an appeal from the award of benefits or damages to be taken ten days after confirmation and notice thereof, and it is the opinion of the court that this remedy was proper and ample and the one to be availed of and that injunction will not lie.

The judgment is affirmed.