No. 22,834.

*In re* Appeal of GEORGE A. ANDERSON from Award of County Commissioners, etc. (GEORGE A. ANDERSON, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS of the County of Douglas, *Appellant*).

SYLLABUS BY THE COURT.

HIGHWAY—*Condemnation Proceedings—Measure of Landowner's Damages.* Under chapter 265, Laws of 1917 and amendments thereto, chapter 246, Laws of 1919, a landowner whose property is appropriated for an improved highway is entitled to all the damages which he sustains thereby without deduction or set-off for benefits accruing to his remaining land; because the statute provides that, later, when the improved road is completed, the cost thereof, in part, shall be apportioned and levied upon the benefited property in accordance with the benefits accruing thereto.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed November 6, 1920. Affirmed.

*J. B. Wilson,* county attorney, for the appellant.
*J. H. Mitchell,* of Lawrence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal is to determine whether the benefits which may accrue to land by the construction of a paved and improved highway upon it are to be considered in diminution of damages for the part appropriated for its construction.

The board of county commissioners of Douglas county proceeded regularly by authority of statute to appropriate a strip of plaintiff's land for an improved highway which was designed to connect Fort Leavenworth and Fort Riley, via Douglas county. The board appraised the plaintiff's damages at $600. This sum was declined, and plaintiff appealed to the district court, where a verdict and judgment for $1,850 was entered in his behalf.

The commissioners appeal, and the matter to be reviewed by this court, as stated by their counsel, is—

"The question of the correctness of the trial judge in refusing to admit testimony showing the benefit accruing to the land owner and appellee in this matter, by reason of the hard surface improvement of the road in question, and the further alleged error of the trial court in instructing the jury that such benefits to the land owner should not be considered by them."

The pertinent statute itself must furnish the answer to this question, and citations from decisions in other cases, like *Tobie v. Comm'rs of Brown Co.*, 20 Kan. 14, under different statutes, are not controlling. The appropriation of the plaintiff's land was authorized by chapter 265 of the Session Laws of 1917 as amended by chapter 246 of the Session Laws of 1919. Section 3 of the latter act, in part, reads:

"When the petition filed for the improvement of a road describes a road which has not been legally established as a public road, . . . the board of county commissioners shall by order of said board lay out, alter or widen a public road . . . if the owner or owners of the land shall refuse to sell or donate said land, the board of county commissioners are hereby authorized to exercise the right of eminent domain . . . the county commissioners shall . . . view all lands required to be taken . . . and appraise the value thereof and assess the damages thereto. . . . And the amounts so allowed shall be paid from the general fund or the road fund of the county.

"The right of appeal from the award of damages made by the board of county commissioners shall be the same as is now provided by law in other road cases, but such appeal shall not delay any work upon or in relation to said road."

Anderson v. Douglas County.

It will be observed that this section does not authorize nor require that any deduction or set-off be made for benefits, general or special, which may inure to the landowner for the improved road constructed over his land. That matter is to be determined when the road is completed. Section 5 of the same act provides:

"Upon the completion of any improvement under the provisions of this act the county commissioners shall meet at their office and apportion the cost thereof as follows: (a) If all or any portion of said road improvement is entitled to and does receive federal or state aid or donations, the same shall be applied to the cost of the improvement for the purposes and to the extent for which the same were given. (b) The remainder of the cost shall be apportioned: fifty percent to the county; twenty-five percent to the taxable property within the township or townships in which the benefit district is situated . . .; and twenty-five percent among the several tracts of land within the benefit district designated in the map, according to the benefits accruing to the real property and improvements thereon within the limits shown by said map."

As a taxpayer of the United States the plaintiff will contribute with all other taxpayers to the amount of federal aid given by the national government toward this improvement. He will also pay as a county taxpayer; and he will pay as a township taxpayer. In addition thereto, he will also have to pay the sum apportioned against his property according to the benefits accruing to it by reason of the improvement.

It will thus be seen that the statute provides that the damages for the land taken are to be determined and paid for without any deductions when the land is appropriated; and the benefits accruing to the land not taken are to be determined later when the improved road is completed and when a certain percentage of the cost of it is apportioned to the benefited property. This special apportionment of part of the cost is only justifiable because of the benefit to the property not taken; but if a set-off for benefits were also allowed in diminution of damages, the landowner would be paying twice for the improvement.

The judgment of the district court is correct and it is affirmed.