No. 33,277

Ella L. Collins, Executrix (substituted for T. E. Collins, Deceased), Ella L. Collins and The Republic Mutual Fire Insurance Company, *Appellees*, v. The State Highway Commission of the State of Kansas, *Appellant*.

(66 P. 2d 409)

April 10, 1937. Opinion filed

*Wint Smith*, assistant attorney general, *Robert Osborn*, of Stockton, and *W. C. Perry*, of Belleville, for the appellant.

*W. D. Vance, Fred Emery* and *William T. Eckhart*, all of Belleville, for the appellees.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment in proceedings for the condemnation of land for highway purposes.

On and prior to November 13, 1935, the plaintiff T. E. Collins owned a tract of some 29.5 acres lying partly within and partly without the corporate limits of the city of Belleville. He resided on the property and used it for hog-raising and stock-breeding.

On November 26, 1935, the state highway commission appropriated a curving diagonal strip of land through this tract for highway purposes. The land taken was 4.26 acres for the highway and .62 acres as a borrow pit adjacent thereto. The effect of this appropriation was the division of Collins' remaining land lying outside the city into two irregular tracts of 16.31 acres and 7.50 acres approximately.

A blueprint is appended to the abstract which shows that the land (outside the city) affected by the condemnation was a rectangular tract, 604 feet wide and 1,886 feet long. The long way of the tract lay north and south. The portion condemned intruded into the Collins land on its east side, some 300 or 400 feet from its south limits, and ran on a curving diagonal line toward the northwest

corner of the tract. On the east side of the new highway, as it proceeds northwestward from the point where it enters the Collins land, there remains a V-shaped corner which, in the opinion of the state highway commission, would make a highly valuable site for a filling station. On that point the trial court found:

"No. 9. The only evidence suggesting a better use for the land than as a hog farm is that of an alleged expert filling-station site owner, who suggested that by reason of the curving road the six-and-one-half-acre tract would make a desirable location for a filling station.

"No. 10. It is the conclusion of the court that such evidence as to the best use of the land is admissible, but that the evidence of such use offered in this case is too speculative for the court to make any allowance for special benefits as an offset for damages suffered by the owner on account of cutting this tract into two pieces by the highway and that $2,200 is a proper amount to be allowed to the owner on account of his damages suffered by reason of the appropriation of the right of way and borrow pit, and that this sum should draw interest at 6 percent from November 26, 1935."

Judgment was entered accordingly, and the state highway commission appeals. It does not complain of the award of damages; but assigns error on the refusal of the trial court to make some setoff or deduction from the award on account of special benefit to Collins' remaining land because of the construction of the highway.

Counsel for the commission remind us that it has long been settled law in this jurisdiction that in condemnation proceedings under eminent domain an enhancement of the value of the owner's land not taken may be a proper subject of setoff against his damages for the land which is taken. Quite correct. In Kansas Judicial Council Bulletin, July, 1933, page 56, it is said:

"SEC. 69. *Deduction of benefits to remainder of land.* Special benefits, excluding any indirect and general benefits, which result to public as whole, may be deducted from damages to portion of land not actually taken. (*Commissioners of Pottawatomie County v. Sullivan,* 17 Kan. 58.) Increased value of land caused by the location of the road, being the direct and special result thereof, is a proper setoff against the damages. (*Tobie v. Brown County Commissioners,* 20 Kan. 14.) All direct and special benefits accruing which are not in common with the whole community may be deducted from damages. (*Roberts v. Brown County Commissioners,* 21 Kan. 247.) In determining damages from a county road a direct benefit not shared by adjoining landowners may be used as a setoff. (*Trosper v. Saline County Commissioners,* 27 Kan. 391.)"

See, also, *Beard v. Kansas City,* 97 Kan. 144, 154 Pac. 230.

But no issue of law is raised in this case on this point. Our ques-tion relates to the sufficiency of the evidence to have required the trial court to make an allowance or deduction on account of special benefits to the land not taken. There was, indeed, some evidence that a certain V-shaped corner of the plaintiff's remaining land would be enhanced in value for use as a filling station for retailing gasoline and other supplies for automobiles. The witness who gave testimony on this point was a stranger in that part of the state. He testified touching the V-shaped corner of the Collins land on the right-hand side of the new road running out of town: "I would value it at from $500 to a thousand dollars." Of another corner he testified, "It would be worth anywhere up to $500."

"*Cross-examination:*

"Q. Now, do you know how many filling stations there are in Belleville now? A. No, I don't. I know there are plenty of filling stations.

"Q. And you are just speculating as to what might be; you are not saying for certain it would be, that is true, isn't it? A. No, I am just basing my opinion on other locations similar in my travels along the highway."

The abstract contains six closely printed pages of such testimony; and it is clear that no judgment could have been predicated on en-hanced values no more definite than those just quoted. Moreover, the witness was not shown to have been an expert or familiar with property values in Republic county. He resided in Florence, over 100 miles from Belleville, and his information on the value of land for filling stations was chiefly gathered from his home locality and from places around Wichita and elsewhere in southern Kansas. This court cannot say that the trial court erred in holding that such testimony was insufficient to prove a special benefit to the land not taken, or to show that some specific deduction from the $2,200 award should have been made on account thereof.

The burden of proof in condemnation proceedings is the same as in other civil cases. It rests on the party having the affirmative of the issue. (*Bates v. Lyman,* 35 Kan. 634, 12 Pac. 33.) In 20 C. J. 826 it is said:

"The burden of proving the existence of special and peculiar benefits is on the party seeking to condemn the land. The general rules of evidence in civil cases govern the admissibility and sufficiency of the evidence on the question of benefits."

See, also, 10 R. C. L. 158-160.

The record contains no error and the judgment is affirmed.