No. 46,797

CITY OF WICHITA, KANSAS, *Appellant,* v. MAY'S COMPANY INCOR-
PORATED, (Ed Dunn & Sons Sign Company, Inc.), *Appellee.*

(510 P. 2d 184)

Opinion filed May 12, 1973.

*Eugene L. Pirtle,* of Wichita, argued the cause, and *John Dekker,* also of
Wichita, was with him on the brief for the appellant.

*John W. Brimer,* of Higgins & Brimer, of Wichita, argued the cause, and

*William P. Higgins,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a condemnation case. The City of Wichita appeals from a jury award of $9,000 for a sewer easement. The principal issue on appeal is the sufficiency of the evidence to support the verdict.

Landowner, Ed Dunn & Sons Sign Company, Inc., one of eighteen landowners from whom the City of Wichita acquired lateral sewer easements, appealed to the district court from the appraisers' award of $295.00. Landowner's tract is 88 feet by 455 feet and the easement is a strip eight feet wide running the entire 455-foot length of its south boundary.

At trial, landowner's only evidence of damage was the testimony of one witness, Gary Dunn, an officer of the corporate landowner. He testified he was not familiar with land values generally, but knew the corporation purchased the land in 1968 and land and improvements represented a total investment at time of taking of $53,000. He further testified to plans of the corporation to expand the present building to cover the entire tract, including the eight-foot strip condemned by the city. Dunn had been unsuccessful in attempting to purchase additional land from adjacent landowners for $25,000. He estimated the strip of land condemned to be worth approximately $20,000 to the landowner. He also stated if permitted to build on this property the improvements would provide $22,320 additional annual income. He arrived at this figure by dividing the number of square feet of existing structures into profits for 1970 and multiplying the result by the number of square feet proposed to be built on the condemned strip of land. Witness for landowner admitted he did not know the market value of the land before and after the taking of the sewer easement, nor did he know how market value is determined.

Condemnor's evidence to support the appraisers' award of $295.00 consisted of testimony of one of the court-appointed appraisers, Don Bottenberg. He established his expertise by his knowledge of real property, especially property for industrial development. He testified the market value of the entire tract before condemnation of the easement was $36,320 and after the condemnation it was $36,025, or a difference of $295.00, which in his opinion was the compensation due landowner. Bottenberg further testified that in

his opinion damage attendant to the taking of a sewer easement from industrial property such as landowner's "was nil," and in a number of instances the entire tract was actually benefited. On cross-examination he testified he was unaware the zoning ordinance required no setbacks and his appraisal did not take into account the fact landowner could no longer build on the strip being condemned. He also testified he took into consideration the effect of the sewer line on the remaining property, pointing out the sewer would benefit the property.

It was stipulated prior to trial that Gary Dunn could testify as a landowner. Mr. Dunn was an officer of the condemnee corporation and normally could not testify as to values unless properly qualified. Although the stipulation was not made on the record, the trial court subsequently recited the nature of the stipulation into the record. The city does not question the stipulation on appeal. We accept the stipulation as binding on the parties.

Notwithstanding the stipulation, the city claims the testimony of Dunn should have been stricken. It first argues there was no foundation for Dunn's opinion of values. Argument is further made that even a landowner must possess sufficient knowledge and familiarity with values before giving an opinion. Since Dunn admitted he had no knowledge of the elements of market value he could not testify as to market value.

This court has stated that a landowner may testify as to the value of his land. *(Urban Renewal Agency v. Tate,* 196 Kan. 654, 414 P. 2d 28; *State Highway Commission v. Lee,* 207 Kan. 284, 485 P. 2d 310.) The thrust of the city's argument urges this court to limit the rule by requiring a landowner to qualify; that is, he must establish a foundation for his testimony. The foundation should consist of knowledge developed from a buying and selling of real estate or an acquaintanceship and familiarity with land values in the neighborhood. The qualification of a landowner to testify as to the value of his land is not dependent on a showing of a knowledgeable background. It is based on the presumption the landowner has acquired knowledge by virtue of his ownership. Lack of knowledge is subject to exposure by the condemning authority. Regardless of what is disclosed, it does not affect the competency of the landowner to testify, but only the weight to be given to the testimony.

K. S. A. 1972 Supp. 26-513 (c) provides:

*"Partial taking.* If only a part of a tract of land or interest is taken, the compensation and measure of damages are the difference between the value

of the entire property or interest immediately before the taking, and the value of that portion of the tract or interest remaining immediately after the taking."

K. S. A. 1972 Supp. 26-513 (*d*) lists fifteen factors which may be given consideration when shown to exist, but points out the fifteen factors are not to be considered as separate items of damages, but are only to be considered as they affect the total compensation to be determined as directed in subsection (*c*).

Subsection (*c*) specifically sets out the measure of damages in a condemnation case when a partial taking occurs. It is plainly stated the measure is the difference between the value of the entire property or interest immediately before the taking and the value of the remaining property immediately after the taking. Prior to the effective date of this statute, July 1, 1969, the courts of this state generally followed the same measure of damages as set forth in the statute. (*Humphries v. State Highway Commission,* 201 Kan. 544, 442 P. 2d 475.) Since its codification, the courts have no alternative except to follow its directives. No exceptions are provided in the statute. In every partial taking there are only two issues—the value of the whole before the taking and the value of the remaining property after the taking. Evidence should be confined to these two issues.

In order for the verdict of a court or jury to stand, the amount must be supported by the testimony. The "before" value must be equal to and not more than the highest expression of opinion evidence, and the "after" value must not be less than the lowest expression of opinion of the value of the remaining property after the taking. (*Kansas State Highway Commission v. Roepke,* 200 Kan. 660, 438 P. 2d 122.) If the court or jury, in determining a condemnation award, has no competent admissible testimony on each of these values, an award or verdict cannot stand.

Giving the landowner's testimony the most liberal construction, we find no testimony which tends to prove the "before" or "after" value of this property. The presentation of the plaintiff's case completely ignores the requirement of the statute.

Turning to defendant's testimony, we find a "before" and "after" value was established. Since the verdict of the jury was not within the range of testimony of defendant's expert, the verdict cannot stand. Furthermore, the testimony of defendant's expert was tainted because he considered the benefits to the remaining property due to the building of the sewer line, as special benefits. This is clearly prohibited by our law. In the early case of *Comm'rs of*

*Pottawatomie Co. v. O'Sullivan,* 17 Kan. 58, we held the amount of benefits which inure to landowner as the direct and special result of the building of a road may be deducted from an award, but not benefits which the landowner receives in common with the general public. A more recent case is *Collins v. State Highway Comm.,* 145 Kan. 598, 66 P. 2d 409. We again recognized the rule that special benefits to the remaining land may be deducted from an award of compensation, but general benefits may not. For other cases on this subject, see 2 Hatcher's Kansas Digest (Rev. Ed.), Eminent Domain, § 110, p. 485. We find no expression in the amendments to Chapter 26, Article 5, of the Kansas statutes, (effective July 1, 1969) indicating any change in our law relating to benefits. We have no problem in concluding the building of a sewer line under the circumstances in this case provides no special benefits to the involved landowner that are distinct or different from the benefits to the general public. We conclude the testimony of the witness, Bottenberg, was ineffective to establish "before" and "after" value since it was based in part on special benefits to the landowner.

The city argues some responsibility rests on the landowner to introduce evidence sufficient to submit to a jury. Since our decision in *City of Wichita v. Jennings,* 199 Kan. 621, 433 P. 2d 351, eliminated the burden of proof doctrine in condemnation proceedings, this argument fails. We hold there is an equal duty and responsibility on the parties to supply the evidence required by the statute. Justice requires that a new trial be ordered when each of the parties to a condemnation appeal fails to provide sufficient admissible evidence as a basis for a jury verdict.

The city further claims the court erred in not giving Instruction A. Basically, the instruction requires a landowner to qualify. We have examined the instruction and find what we have said herein relative to the competency of the landowner to testify discloses the impropriety of the instruction.

Reversed and remanded for a new trial.

SCHROEDER, J., dissenting.

PRAGER, J., concurs in the result.