(608 P.2d 1023)
No. 50,268

Kansas Power & Light Company, *Appellee*, v. Joseph Floersch and Delores Floersch, *Appellants*.

Petition for review granted May 19, 1980

Opinion filed March 21, 1980.

*Jerry W. Hannah,* of Topeka, for the appellants.

*Edward L. Bailey* and *James D. Waugh* of Cosgrove, Webb & Oman, of Topeka, for the appellee.

Before Parks, P.J., Abbott and Swinehart, JJ.

Parks, J.: The landowners, Joseph and Delores Floersch, appeal from a jury verdict in a condemnation action contending that the special verdict is not supported by the evidence.

The measure of damages for a partial taking is governed by K.S.A. 26-513(c), which states:

"If only a part of a tract of land or interest is taken, the compensation and measure of damages are the difference between the value of the entire property or interest immediately before the taking, and the value of that portion of the tract or interest remaining immediately after the taking."

The testimony of the appraisers as to the "before" value of the landowners' property ranged from $95,000 to $161,500 and the jury's finding of a $95,000 before value is not being contested. Although expert testimony as to "after" value ranged from $90,000 to $103,800, the jury found the value after the taking to be $87,000. Thus, the landowners claim that because the jury's finding of after value is outside the range established by the opinion testimony, the verdict is not supported by the evidence. The condemnor, Kansas Power & Light Company, maintains that there was evidence of comparable sales (at $400 an acre) which, when applied to the property in issue, would result in a figure substantially lower than the after value determined by the jury.

The question on appeal then is two-fold: (1) Can a jury's verdict be sufficiently supported by the evidence when it falls outside the

value range established by the opinion evidence; and (2) if so, is the value set by the jury in this case supported by the evidence?

The first issue would appear to be controlled by *Urban Renewal Agency v. Tate,* 196 Kan. 654, 658, 414 P.2d 28 (1966), where the court said:

"In an action to determine the value of property condemned, the opinions of witnesses as to the value of such property at the time it is condemned will not be deemed conclusive, but the *jury may consider such opinions in connection with all the other testimony in the case, and then determine for itself from all the testimony the value of such property.* Stated in other words, it may be said the jury is not bound by the opinion testimony of a witness. The jury is entitled to take into consideration the facts testified to by the witness as to the cost, quality and condition of the property, and come to a different opinion as to its value. The jury is to decide what weight, if any, shall be given to the opinion or evidence of the expert witness, or to the opinion of a nonprofessional witness. The members of the jury are not bound by such evidence, and may exercise their own judgment based upon experience in deciding the question touching which opinion testimony was given." (Emphasis supplied.)

The Floersches, however, rely on *City of Wichita v. May's Company Inc.,* 212 Kan. 153, Syl. ¶ 4, 510 P.2d 184 (1973), to support their argument that the values set by the jury *must* be within the opinion evidence. There, the landowner's only evidence of damage was the testimony of one witness, Gary Dunn, an officer of the corporate landowner. The condemnor's evidence to support the appraisers' award consisted of testimony of one of the court appraisers. The *May's* court found that there was no testimony of the landowner which tended to prove the before or after value of the property; however, it did find that the condemnor had established such values. In *May's* the only competent evidence pertaining to the value of the property was that of the condemnor's expert. Thus it was proper, under the facts in *May's,* for the court to hold that the verdict of the jury could not stand because it was not within the range of the opinion evidence. This is not to say that in all condemnation cases the jury is limited to the opinion evidence. To the contrary, the ruling means that where, as in the *May's* case, the only competent evidence as to value is opinion evidence, the jury is bound by such evidence.

In *City of Wichita v. Chapman,* 214 Kan. 575, 580-581, 521 P.2d 589 (1974), the highest value placed on the property by any of the experts was $45,000; the verdict was for $64,567.66. The city contended that the landowner's testimony was the only evidence tending to support the verdict and that such evidence

was incompetent because it was based on emotional attachment. After citing the rule of *May's* that a landowner's testimony is competent evidence, the court affirmed the verdict and said:

"The weight to be attached to all the testimony, including that of Mr. Chapman, was for the jury. The jury is not bound by the opinion testimony of expert witnesses, or to the opinion of a nonprofessional witness, and the jurors may exercise their own judgment based upon experience in deciding the question touching which opinion testimony was given." 214 Kan. at 581.

We view the *Chapman* ruling as a reaffirmation of the holding in *Tate* that the jury should be permitted to consider all the evidence and reach its own conclusion on value. Accordingly, we hold that the jury verdict in a condemnation action is not limited to opinion evidence where other competent evidence is also presented to establish value of the property condemned. In view of the testimony of the appraisers concerning comparable sales, we conclude that based on *all* the evidence presented to the jury, the verdict was supported by the evidence.

Affirmed.