No. 56,451

RICHARD B. METTEE and MICHELENE N. METTEE, Husband and Wife, *et al., Appellees,* v. JOHN B. KEMP, Secretary of Transportation of the State of Kansas, *Appellant.*

(696 P.2d 947)

Opinion filed March 2, 1985.

*Susan Ellmaker,* of Gates & Clyde, Chartered, of Overland Park, argued the cause and was on the briefs for the appellant.

*Thomas H. Bornholdt,* of Bornholdt, Landeck & Owens, of Overland Park, argued the cause, and *Lewis A. Heaven, Jr.,* of Bennett & Heaven, of Shawnee Mission, was with him on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal in a condemnation action brought by the Kansas Department of Transportation in July 1982, to condemn land owned by Richard B. Mettee and his family (the landowners). The subject property is located on the northwest corner of the north intersection of highways K-7 and K-10 in Johnson County. The land was condemned for the purpose of widening K-7 and constructing a cloverleaf interchange. The land involved in this case was a rectangular-shaped tract consisting of approximately 235 acres before the condemnation and 196 acres after the condemnation. As a part of the condemnation, the State took part of the access rights to the property.

The court-appointed appraisers found the tract to be valued at $864,001 before the taking and $679,469 after the taking. They awarded these landowners the difference as damages in the amount of $184,532. The landowners appealed the appraisers' award. The appeal was tried to a jury by the district court in January 1983. The jury returned a verdict finding the value of the property before the taking to be $870,000 and the value after the taking to be $695,000. The jury awarded the difference in the amount of $175,000 as damages.

In May 1983, the trial court granted the landowners' motion for

a new trial on the ground that the verdict was not supported by the evidence. A second trial was held in October 1983. A jury returned a verdict finding the value of the property before the taking to be $913,126 and $631,635 after the taking, awarding the difference of $281,761 as damages. The district court denied the condemnor's motion for a new trial, and an appeal was taken to the appellate courts.

The first issue raised on the appeal is that the trial court erred in granting the landowners' motion for a new trial after the first trial on the ground the jury verdict was not supported by the opinion testimony of the witnesses who testified at the trial. The opinion testimony of the three witnesses regarding the value of the land before and after the taking, the damages, and the jury's verdicts on those elements were as follows:

| APPRAISER | BEFORE VALUE | AFTER VALUE | DAMAGES |
|---|---|---|---|
| Curtis Bliss | 800,000.00 | 638,000.00 | 162,000.00 |
| Al Donoho | 857,500.00 | 687,000.00 | 170,500.00 |
| William Hedges | 940,000.00 | 490,000.00 | 450,000.00 |
| JURY VERDICT | 870,000.00 | 695,000.00 | 175,000.00 |

The landowners complained that the verdict of.the jury was not within the scope of the evidence presented, because the jury found the value of the property after the taking to be $695,000 which was higher than the "after" value testified to by any of the witnesses. It should be noted that the jury's findings as to the *"before" value* and the *damages awarded* were within the range of the opinion testimony in the case. The trial court agreed with the landowners that the verdict was outside the evidence and granted a new trial.

There is some difficulty in determining the issue presented in this case because of a substantial conflict in the language used in a number of opinions of this court and of the Court of Appeals on the question whether a jury's specific findings on the value of the property both before and after the taking must be within the range of the opinions of the witnesses who testified at the trial. The measure of compensation to be applied where private property is taken for public use is covered by K.S.A. 26-513, which was originally enacted in 1963 and subsequently amended in 1969 (L. 1969, ch. 196). K.S.A. 26-513 provides as follows:

"26-513. Same; compensation. (a) *Necessity.* Private property shall not be taken or damaged for public use without just compensation.

(b) *Taking entire tract.* If the entire tract of land or interest therein is taken, the measure of compensation is the value of the property or interest at the time of the taking.

"(c) *Partial taking.* If only a part of a tract of land or interest is taken, the compensation and measure of damages are the difference between the value of the entire property or interest immediately before the taking, and the value of that portion of the tract or interest remaining immediately after the taking.

"(d) *Factors to be considered.* In ascertaining the amount of compensation and damages as above defined, the following factors, without restriction because of enumeration, shall be given consideration if shown to exist but *they are not to be considered as separate items of damages, but are to be considered only as they affect the total compensation and damage under the provisions of subsections (b) and (c) of this section:*

"1. The most advantageous use to which the property is reasonably adaptable.

"2. Access to the property remaining.

"3. Appearance of the property remaining, if appearance is an element of value in connection with any use for which the property is reasonably adaptable.

"4. Productivity, convenience, use to be made of the property taken, or use of the property remaining.

"5. View, ventilation and light, to the extent that they are beneficial attributes to the use of which the remaining property is devoted or to which it is reasonably adaptable.

"6. Severance or division of a tract, whether the severance is initial or is in aggravation of a previous severance; changes of grade and loss of impairment of access by means of underpass or overpass incidental to changing the character or design of an existing improvement being considered as in aggravation of a previous severance, if in connection with the taking of additional land and needed to make the change in the improvement.

"7. Loss of trees and shrubbery to the extent that they affect the value of the land taken, and to the extent that their loss impairs the value of the land remaining.

"8. Cost of new fences or loss of fences and the cost of replacing them with fences of like quality, to the extent that such loss affects the value of the property remaining.

"9. Destruction of a legal nonconforming use.

"10. Damage to property abutting on a right-of-way due to change of grade where accompanied by a taking of land.

"11. Proximity of new improvement to improvements remaining on condemnee's land.

"12. Loss of or damage to growing crops.

"13. That the property could be or had been adapted to a use which was profitably carried on.

"14. Cost of new drains or loss of drains and the cost of replacing them with drains of like quality, to the extent that such loss affects the value of the property remaining.

"15. Cost of new private roads or passageways or loss of private roads or passageways and the cost of replacing them with private roads or passageways of like quality, to the extent that such loss affects the value of the property remaining." (Emphasis supplied.)

In this case we have a *partial* taking of a tract of land, and it should be noted that under K.S.A. 26-513(c), the compensation and measure of damages is the difference between the value of the entire property immediately before the taking and the value of that portion of the tract remaining immediately after the taking. K.S.A. 26-513(d) enumerates a number of factors to be considered in ascertaining the amount of damages. That section specifically states that these factors are *not* to be considered as separate items of damages but are to be considered only as they affect the total compensation and damages under subsections (b) and (c). It is, thus, clear that it was the legislative intent that the amount of damages to be awarded where there is a partial taking is to be based upon the difference between the *value* of the property immediately before and immediately after the taking.

Prior to the effective date of K.S.A. 26-513, the customary procedure was for a jury to bring in a verdict stating the total amount of damages to be awarded the landowner without making a specific finding as to the value of the land before and after the taking.

In *Diefenbach v. State Highway Commission*, 195 Kan. 445, 407 P.2d 228 (1965), the landowners owned property outside the city of Wichita which was condemned in part for the building of a highway. The landowners were dissatisfied with the jury verdict and appealed, contending that the verdict was contrary to and not supported by the evidence. This court affirmed, stating that ordinarily a verdict for actual damages will not be disturbed on appeal merely because the reviewing court cannot ascertain the precise method by which the jury arrived at the exact amount of its verdict when such amount is reasonably within the range of the evidence.

In *Urban Renewal Agency v. Tate*, 196 Kan. 654, 414 P.2d 28 (1966), the land was taken on February 8, 1962, prior to the effective date of K.S.A. 26-513. There were only two witnesses at the trial, the landowner and one expert witness who testified on behalf of the Urban Renewal Agency. The landowner described the land and the improvements on it. The trial court permitted the landowner to testify that the market value of the property was

between $8,000 and $9,000. The expert witness for the condemnor testified that the property taken had a fair market value of $3,200. However, the opinion testimony of the expert was qualified by the fact that the only time he had occasion to view and appraise the property was a year before the date of the taking and the landowner had made numerous improvements on the property subsequent to that time. The landowner moved to strike all of the testimony of the condemnor's expert relating to market value on the basis it was too speculative and too remote. The trial court overruled that objection. The trial court apparently changed its mind and instructed the jury as follows:

" 'You are instructed that the only evidence you have before you as to the market value of the landowner's property on the agreed date of taking, February 8, 1962, is that evidence of the landowner.

" 'The landowner's evidence as to the market value of her property on the date of taking is that it was worth between $8,000.00 and $9,000.00.

" 'You are instructed that you will retire to your jury room and return a verdict in favor of the landowner. You will, under the evidence of this case, return a verdict placing the market value of the landowner's property at a figure of not less than $8,000.00 and not more than $9,000.00.' " p. 656.

As would be expected, the jury brought in a verdict for $8,950 which was within the range of the opinion testimony of the landowner. The condemnor appealed and this court reversed. On appeal, it was held that the opinion of a witness as to the value of the property at the time it was condemned will not be deemed conclusive, but the jury may consider such opinion in connection with all the other testimony in the case, and then determine for itself from all the testimony the value of the property taken. The opinion states that the jury is entitled to take into consideration the facts testified to by the witnesses as to the cost, the development, and the condition of the property and then to come to its own opinion as to value. The language in *Tate* would seem to vest in the jury an unbridled discretion to disregard the opinion testimony as to value and to consider a wide variety of factors which may be brought forth by the witnesses in the course of the trial.

At this point K.S.A. 26-513 became effective, and this court adopted the rule requiring the verdict of the jury to be within the scope of the opinion testimony presented in the case to establish the value of the property both before and after the taking.

In *Kansas State Highway Commission v. Roepke*, 200 Kan.

660, 438 P.2d 122 (1968), the trial court granted the landowners' motion for a new trial in a condemnation case on the ground the verdict was contrary to the evidence. At trial, the opinion testimony regarding the value of the land before the taking ranged from $29,500 to $40,000. The jury found the value before the taking to be $32,000 which was within the range of the opinion evidence. The opinion evidence regarding the "after" value ranged from $24,525 to $31,400. The jury found the value after the taking to be $27,330 which was likewise within the range of the opinion evidence. The jury, however, returned a verdict for the difference of $4,670 which was lower than the difference testified to by any one witness. Because of the jury's findings the trial court granted a new trial on the basis that the jury verdict was not within the evidence. On appeal, the Supreme Court reversed the trial court's granting of a new trial, stating as follows:

"We do not understand the law to be that in a case of this kind a verdict may not be lower than the *difference* testified to by any *one* witness. Just as here, there usually is considerable variance in the testimony as to 'before and after' value. A jury is entitled to consider all of the evidence—not just that of one witness. Here the evidence of the 'before' value ranged from $29,500 to $40,000. The jury found it to be $32,000. The evidence of the 'after' value ranged from $24,525 to $31,400. The jury found it to be $27,330. Both figures found by the jury were *within* the evidence—and the verdict represented the difference. We realize it could be argued that theoretically, the jury, under the evidence, could have found the 'after' value to be higher than the 'before' value—see amounts testified to by witnesses Lohse and Heeney—and yet the verdict would have been 'within the range' of the evidence. Courts are not so impotent, however, as to be unable to right such a situation should it arise." p. 664.

The majority of the court reversed with directions to reinstate the verdict in the first trial and enter judgment thereon.

This court addressed the issue again in *Humphries v. State Highway Commission*, 201 Kan. 544, 442 P.2d 475 (1968). In *Humphries*, there was a wide divergence in the opinions of the expert witnesses as to value before and after. The amount awarded by the jury was within the testimony of the four witnesses as to the value before and after, but the result did not have support of any particular witness. The court held that the jury verdict was within the evidence, stating that a jury verdict in an eminent domain proceeding awarding damages for the taking of the landowner's property in an amount greater than the lowest

damages testified to and less than the highest damages testified to is totally consistent with the evidence. From the opinion it appears that the jury brought in a verdict for the amount of compensation but made no specific findings as to the value before and after.

The next case involving this issue was *City of Wichita v. May's Company Inc.*, 212 Kan. 153, 510 P.2d 184 (1973). In reversing a jury award, the court stated:

> "In order for the verdict of a court or jury to stand, the amount must be supported by the testimony. The 'before' value must be equal to and not more than the highest expression of opinion evidence, and the 'after' value must not be less than the lowest expression of opinion of the value of the remaining property after the taking. [Citation omitted.] If the court or jury, in determining a condemnation award, has no competent admissible testimony on each of these values, an award or verdict cannot stand." p.156.

Although the landowner testified, he did not give his opinion as to "before" or "after" value of the property. The court stated that the presentation of the plaintiff's case completely ignored the requirement of the statute. The court then commented:

> "Turning to defendant's testimony, we find a 'before' and 'after' value was established. Since the verdict of the jury was not within the range of testimony of defendant's expert, the verdict cannot stand." p. 156.

We interpret the language in *May's* to mean that K.S.A. 26-513 requires that a jury's findings as to both the "before" and "after" value of the property must be within the range of the opinion testimony.

*City of Wichita v. Chapman*, 214 Kan. 575, 521 P.2d 589 (1974), involved a taking of an entire tract of land. The highest value placed on the property by any expert witness was $45,000. However, the landowner testified that in his opinion the property had a value of $75,000. The jury awarded the landowner $64,567. The city appealed, contending the verdict was not supported by the opinion testimony of any *expert* witness. The city maintained that, since the landowner, Chapman, was not qualified as an expert, his opinion should not be considered. The court rejected this argument, holding that in an eminent domain proceeding a landowner is a competent witness to testify as to the value of his property, and his qualification to testify as to the value of his property is not dependent on a showing of a knowledgeable background. The court cited a number of prior Kansas

cases holding that a landowner is a competent witness to testify as to the value of his property. This case is important because it establishes that the opinion of the landowner is evidence of value even though he disagrees with the opinions of all the experts who testified at the trial.

The latest case on the issue is *Kansas Power & Light Co. v. Floersch*, 4 Kan. App. 2d 440, 608 P.2d 1023, *aff'd* 228 Kan. 468, 617 P.2d 1264 (1980). In *Floersch*, the testimony of the appraisers as to the "before" value of the land ranged from $95,000 to $161,500. The jury found the "before" value to be $95,000, which finding was not contested. However, the expert testimony regarding the value of the property after the taking ranged from $90,000 to $103,800. The jury found the "after" value to be $87,000, which was outside the range established by the opinion testimony. The trial court denied a motion for a new trial, and the landowners appealed. The question before the court was stated to be as follows: Can a jury verdict be sufficiently supported by the evidence when it falls outside the value range established by the opinion evidence? The court attempted to distinguish *Urban Renewal Agency v. Tate*, 196 Kan. 654; *City of Wichita v. May's Company Inc.*, 212 Kan. 153; and *City of Wichita v. Chapman*, 214 Kan. 575. The Court of Appeals in *Floersch* construed *Chapman* as a reaffirmation of the holding in *Tate* that a jury should be permitted to consider all the evidence and reach its own conclusion on value and that a jury verdict is not limited to opinion evidence where *other competent evidence* is also presented to establish value of the property condemned. The court held that in view of the testimony of the appraisers concerning *comparable sales*, the verdict was supported by the evidence.

*Floersch*, in effect, repudiates the requirement that the verdict of the jury as to the "before" and "after" value must be within the range of the opinion testimony, including the opinion of the landowner. We construe the opinion in *Floersch* to mean that a jury has a right to completely disregard the opinion testimony as to the "before" and "after" value and consider any evidence as to comparable sales and then use its own intellectual gymnastics in arriving at its "before" and "after" values in the case.

From this summary of the Kansas cases, it is obvious that they are inconsistent and confusing. *Tate* holds that the jury is not bound by the opinion testimony of the witnesses, but may take

into consideration facts testified to by the witnesses as to costs, quality, and condition of the property and arrive at a different opinion as to the value of the property before and after the taking. *Roepke* and *May's* hold that the jury is bound by the opinion testimony in determining the "before" and "after" value of the property taken, but the damages awarded by the jury need not be within the range of testimony given by *any one witness. Chapman* holds that the landowner's opinion testimony is sufficient to support a jury's findings as to value before and after. Finally, *Floersch* holds that the jury is not bound by the opinion testimony as to the value before and after so long as there is other competent evidence in the case to establish value. In *Floersch*, the other competent evidence which the jury could rely on was evidence as to comparable sales.

We have considered these various cases and hold in accordance with *Roepke* and *May's* that in order for the verdict of a jury to be upheld, as being within the range of the evidence, its findings as to the "before" and "after" value of the property taken must fall within the range of the opinion testimony. The opinion testimony includes the opinion of the landowner as to value. We disapprove of the language in *Urban Renewal Agency v. Tate*, 196 Kan. 654, and overrule *Kansas Power & Light Co. v. Floersch*, 4 Kan. App. 2d 440, and the opinion affirming and adopting *Floersch*, 228 Kan. 468.

The fact that evidence is presented of comparable sales and of the various factors set forth in·K.S.A. 26-513(d) does not authorize a jury to make a finding as to "before" and "after" values which is not within the range of the opinion evidence. That section states, without equivocation, that these various factors are not to be considered as separate items of damages, but are to be considered only as they affect the total compensation and damage under subsections (b) and (c).

In this case, the record is clear that the verdict of the jury as to the value of the property after the taking in the amount of $695,000 was not within the range of the opinion testimony which was between $687,000 and $490,000. We, therefore, hold that the trial court properly granted a new trial to the landowners. We find the appellant's first point on the appeal to be without merit.

The second point raised by the condemnor on the appeal is

that the trial court erred in sustaining the motion of the landowners to exclude evidence of three comparable sales offered by the condemnor. The date of taking was September 24, 1981. The three sales excluded by the trial court were made between July 1973 and June 1974, over seven years before the date of the taking. The question is whether the trial court abused its discretion in excluding the three sales. In a condemnation action an expert witness may testify as to the purchase price of a sale of neighboring land provided the evidence is relevant. *State Highway Commission v. Lee,* 207 Kan. 284, 485 P.2d 310 (1971). Comparable sales are admissible where the sale is bona fide, voluntary, not too remote in time, and if the property and surroundings are sufficiently similar to those on the date of the taking. *State Highway Commission v. Lee,* 207 Kan. at 291. Whether evidence regarding a prior sale of other property in the area is too remote in time is a question to be determined by the trial court in its sound discretion.

Here the condemnor's expert witnesses had more recent comparable sales in the area upon which to rely in expressing their opinions as to value. In this regard see *City of Shawnee v. Webb,* 236 Kan. 504, 694 P.2d 896 (1985). We hold the trial court did not abuse its discretion. in excluding evidence of the three sales which occurred over seven years prior to the date of the taking.

The judgment of the district court is affirmed.