No. 83,210

IN THE MATTER OF THE CONDEMNATION OF LAND FOR STATE
HIGHWAY PURPOSES. E. DEAN CARLSON, SECRETARY OF
TRANSPORTATION OF THE STATE OF KANSAS, *Appellee*, v.
HOWARD S. WESTOFF and BARBARA M. WESTOFF, *Appellants.*

(3 P.3d 1268)

Opinion filed April 21, 2000.

*Curt T. Schneider,* of Schneider Law Office, of Coffeyville, argued the cause and was on the brief for appellants.

*Bradley A. Stout,* of Triplett, Woolf & Garretson, L.L.C., of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a condemnation case involving a partial taking under K.S.A. 26-513(c). The property owners, Howard and Barbara Westoff (the Westoffs), appeal from the district court's additur of $2,000. The Kansas Department of Transportation (KDOT) is the condemnor. The jury determined the "after the taking" value of the Westoffs' property to be outside the range of evidence. To conform the verdict to the evidence, the district court imposed an additur. The Westoffs request a new trial contending that additur is not an appropriate remedy.

Our jurisdiction is under K.S.A. 20-3018(c), a transfer on our motion.

The question is whether the district court erred in imposing an additur of $2,000. The answer is: "yes." We reverse and remand for a new trial.

## FACTS

KDOT acquired an easement through condemnation to use the Westoffs' land for the construction of a new highway. The jury was instructed to determine the market value of the property immediately before and immediately after the taking. See K.S.A. 26-513(c). Both Howard and Barbara Westoff testified that the property was worth $75,000 before the taking and nothing after the taking (compensation $75,000). Their expert testified that the property was worth $60,000 before the taking and $5,000 after the taking (compensation $55,000). KDOT's expert, however, testified that the property was worth $25,000 before the taking and $18,000 after the taking (compensation $7,600).

The jury found that the property was worth $26,000 before the taking and $20,000 after the taking, ($2,000 more than the highest "after the taking" value). The total award was $6,000. The Westoffs filed a Motion For New Trial, alleging that the jury's finding did not fall within the range of the opinion testimony.

The district court recognized that the jury's findings were improper, noting that it should not have accepted the verdict. After taking the matter under advisement, the district court, over the Westoffs' objection, imposed the $2,000 additur at issue here, thus awarding the Westoffs $8,000.

## DISCUSSION

The Westoffs' compensation is the difference between the value of the entire property immediately before the taking and the value of that portion of the tract remaining immediately after the taking. See K.S.A. 26-513(c). For the verdict to be upheld as within the range of the evidence, the jury's findings as to "before" and "after" value must fall within the range of the opinion testimony. *Mettee v. Kemp*, 236 Kan. 781, Syl. ¶, 696 P.2d 947 (1985). K.S.A. 26-513(d) does not authorize a jury to make a finding as to "before" and "after" values outside the range of opinion evidence. *Mettee*, 236 Kan. at 789.

Here the jury's $20,000 finding of "after" value did not fall within the range of the opinion testimony. The opinion testimony established an "after" value of between $0 and $18,000. Under the law as stated in *Mettee*, the jury's verdict was not supported by the evidence.

The question remains whether the district court is required to grant a new trial or whether the court may impose an additur to bring the verdict within the testimony. KDOT characterizes the $2,000 additur as a remittitur. (The jury's "after" value is reduced from $20,000 to $18,000 by the district court's additur.) KDOT contends that we have allowed a remittitur in condemnation cases, citing *Stewart v. Marland Pipe Line Co.*, 132 Kan. 725, 297 Pac. 708 (1931); *Searcy v. State Highway Comm.*, 145 Kan. 709, 67 P.2d 534 (1937).

*Stewart* and *Searcy* predate our holdings in *Mettee* and *Small*. Neither *Stewart* nor *Searcy* involved a verdict outside the range of the evidence. KDOT also cites *Mettee v. Urban Renewal Agency*, 219 Kan. 165, 547 P.2d 356 (1976). In *Urban Renewal* we reversed the district court's ruling which gave the property owner a choice— a remittitur or a new trial. 219 Kan. at 170.

Other jurisdictions have held that neither additur nor remittitur are appropriate in eminent domain actions. See *Booras v. Iowa State Highway Commission*, 207 N.W.2d 566, 570 (Iowa 1973); *State Road Department of Florida v. Cox*, 118 So. 2d 668, 669 (Fla. App. 1960). We agree.

We have not expressly addressed the question of an additur in a partial taking condemnation case. However, in *Small v. Kemp*, 240 Kan. 113, 116, 727 P.2d 904 (1986), we reaffirmed our holding in *Mettee*, saying: "Where a jury award is not within the requirements of K.S.A. 26-513, the trial court must grant a new trial." *Mettee* and *Small* control here. Neither additur nor remittitur is allowed. Our holding is consistent with the general nature of additur. See *Dixon v. Prothro*, 251 Kan. 767, 775, 840 P.2d 491 (1992) (stating that additur is not favored under Kansas law).

Reversed and remanded for a new trial.

DAVIS, J., not participating.